# EXHIBIT  G

## Andrew Curran

| | |
|---|---|
| **From:** | Kaounis, Angelique [AKaounis@gibsondunn.com] |
| **Sent:** | Friday, June 29, 2007 5:07 PM |
| **To:** | Richard Erwine |
| **Cc:** | Katherine Weall |
| **Subject:** | IBM v. PSI |
| **Attachments:** | Resp-Obj IBMSubpoena.pdf |

Mr. Erwine,

Attached please find *Hewlett-Packard Company's Objections and Responses to IBM's May 31, 2007 Subpoena for Documents*. As we discussed yesterday, I contacted counsel for PSI to set up a meet and confer to discuss the parameters of HP's production in relation to both the PSI and IBM subpoenas. He is available on either July 5, 2007, or some time shortly after July 11, 2007 (after Ms. Weall's return). I will be in touch to confirm the timing shortly.

Please get back to me at your earliest convenience regarding our conversation of earlier today. As we discussed, I apologize for not confirming a protocol for objections and responses with Ms. Weall after service of IBM's subpoena. As I mentioned to Ms. Weall in April, and reiterated to you on the phone, I am hopeful that we will be able to work out any issues regarding the scope of the production through the meet and confer process.

Thanks very much for your courtesy in this matter.
Angelique

<<Resp-Obj IBMSubpoena.pdf>>
Angelique Kaounis
Gibson, Dunn & Crutcher, LLP
333 South Grand Ave., Los Angeles, CA 90071
akaounis@gibsondunn.com
d: 213.229.7137
f: 213.229.6137

======================================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
======================================================================

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

---

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com
AKaounis@gibsondunn.com

June 29, 2007

Direct Dial
(213) 229-7137

Fax No.
(213) 229-6137

Client No.
T 38126-00565

<u>VIA OVERNIGHT COURIER AND EMAIL/PDF</u>

Richard W. Erwine, Esq.
Katherine Weall, Esq.
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Re:    *IBM* v. *PSI*

Dear Mr. Erwine:

Enclosed please find *Hewlett-Packard Company's Objections and Responses to IBM's May 31, 2007 Subpoena for Documents*. As we discussed yesterday on the phone, I will contact counsel for PSI to set up a meet and confer conference to discuss the parameters of HP's production in relation to both the PSI and IBM subpoenas on either July 5, 2007, or some time shortly after July 11, 2007. I will be in touch to confirm the timing shortly.

Very truly yours,

Angelique Kaounis

AK/cmb

100254545_1.DOC
cc:    Jeffrey T. Thomas, Esq. (w/Encl.)

1  JEFFREY T. THOMAS, SBN 106409
   JThomas@gibsondunn.com
2  ANGELIQUE KAOUNIS, SBN 209833
   AKaounis@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
4  4 Park Plaza, Suite 1400
   Irvine, California 92614-8557
5  Telephone: (949) 451-3800
   Facsimile: (949) 451-4220
6  Attorneys for Nonparty
7  HEWLETT-PACKARD COMPANY

8

9              UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  INTERNATIONAL BUSINESS              Action pending in the United States
12  MACHINES CORPORATION,               District Court for the Southern District of
                                        New York, CASE NO. CV 06-13565 SCR
13          Plaintiff and Counterclaim
            Defendant,                  NONPARTY HEWLETT-PACKARD
14                                      COMPANY'S OBJECTIONS AND
       v.                               RESPONSES TO PLAINTIFF IBM'S
15                                      MAY 31, 2007 SUBPOENA FOR
    PLATFORM SOLUTIONS, INC.,           DOCUMENTS
16
            Defendant and
17          Counterclaimant.

18

19              I.    **PRELIMINARY STATEMENT**

20         Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Nonparty

21  Hewlett-Packard Company ("HP") hereby objects and responds to the document

22  subpoena served on or about May 31, 2007 (the "Subpoena") by Plaintiff and

23  Counterclaim Defendant International Business Machines, Inc. ("IBM" or "Plaintiff")

24  in the above-titled matter.  The foregoing objections apply to each and every

25  Document Request ("Request") propounded in the Subpoena, whether or not

26  specifically referred to in the responses below.

27

28

Gibson, Dunn &
Crutcher LLP

## II.    GENERAL OBJECTIONS

1.    HP generally objects to each Request on the ground and to the extent that it is overbroad and unduly burdensome. The sheer breadth of the Requests demonstrate that they have not been appropriately tailored to discover information that is relevant to the claims or defenses of either party, and/or reasonably calculated to lead to the discovery of admissible evidence, particularly in light of HP's nonparty status. Therefore, as a general matter, the Requests violate Federal Rule of Civil Procedure 26.

2.    HP generally objects to the Subpoena in its entirety because it purports to "subject[] a person to undue burden" in violation of Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure ("Rule 45"). Moreover, the subpoena is invalid on its face and violates Rule 45 (b)(1) and 45(c)(3)(A) because it fails to give adequate notice to all parties prior to service and requires inspection at a place more than 100 miles from HP's principal place of business.

3.    HP generally objects to each Request on the ground and to the extent that it seeks information that is subject to a claim of privilege or that is otherwise protected from disclosure by, including without limitation, the attorney-client privilege, the attorney work product doctrine (including but not limited to as understood in the context of Federal Rules of Civil Procedure 26 and 45), or is protected from disclosure by any other privilege, whether conferred by contract or law, and HP hereby asserts such privileges. Therefore, HP will produce only those documents that are not subject to any recognized privilege or protection, and hereby defines the term "non-privileged" to refer to those documents that are not subject to any recognized privilege or protection, including but not limited to the attorney-client privilege and attorney work product doctrine. Inadvertent disclosure of any document which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other grounds for objecting to the discovery with respect to such document or the

1   subject matter thereof, or the right of HP to object to the use of any such document or

2   the subject matter thereof during subsequent proceedings.

3       4.   HP generally objects to each Request on the ground and to the extent that

4   it seeks divulgence of trade secret, or other confidential proprietary research,

5   development, or commercial information whether protected by contract or by law,

6   including but not limited to Rules 26 and 45 of the Federal Rules of Civil Procedure,

7   California Civil Section 3426 *et seq.*, and/or the Uniform Trade Secrets Act, and that

8   is not adequately protected by any Protective Order. *See* Fed. Rs. Civ. Proc. 26(c) &

9   45(c)(3)(B). Federal Rule of Civil Procedure 45(c)(3)(B) was intended to provide

10   protection for the intellectual property of nonparties. *See Mattel, Inc. v. Walking*

11   *Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (citing Rule 45 Advisory

12   Committee Notes (1991)). To the extent that this Subpoena or any Requests therein

13   seek divulgence of HP's confidential, proprietary and/or trade secret material, HP will

14   not produce such information until IBM has made the required showing under Federal

15   Rule of Civil Procedure 45(c) of a substantial need for the material that cannot

16   otherwise be met without undue hardship. *See nSight, Inc. v. PeopleSoft, Inc.*, No.

17   3:04 CV 3836 MMC (MEJ), 2006 U.S. Dist. LEXIS 22383, at *6 (N.D. Cal. April 13,

18   2006). Additionally, under no circumstances will HP produce any documents in

19   response to this subpoena unless and until an appropriate Protective Order is entered

20   into among HP and all parties that have or will have access to any materials that may

21   be produced by HP in this case.

22       5.   HP generally objects to Plaintiff's Instructions and each Request on the

23   ground and to the extent that they purport to impose upon it any obligations beyond

24   those specified in the applicable Federal Rules of Civil Procedure pertaining to

25   nonparty discovery and/or responses to subpoenas, including but not limited to Rules

26   26 and 45 of the Federal Rules of Civil Procedure, and to the extent that they request

27   information beyond the scope of inquiry permitted by these rules. By providing these

28

1    Responses and Objections, HP does not agree to undertake any excessive obligations

2    set forth in the Subpoena.

3        6.    HP generally objects to the undefined term "HP" as used by IBM in

4    Subpoena, on the grounds that it is vague, overbroad, burdensome, oppressive and

5    seeks information that is neither relevant to the claims or defenses of either party, nor

6    reasonably calculated to lead to the discovery of admissible evidence.  This undefined

7    term is overbroad, burdensome and oppressive in that it could potentially include

8    every HP employee, agent or representative around the world.  To require HP to

9    potentially search its employee's files worldwide for responsive information is

10   oppressive and harassing to HP.  Consequently, as used herein, the term "HP" shall

11   mean Hewlett Packard Co. and its relevant employees located in the HP offices in Palo

12   Alto and San Francisco, Cal.; Marlboro, Mass.; Fort Collins, Colorado; Orlando,

13   Florida; and Houston, Texas.  HP further objects to the term "HP" as unduly

14   burdensome and oppressive because the term, as used by the Plaintiff, could include

15   all affiliates, divisions, and subsidiaries of HP, whose materials may not fall within the

16   "possession, custody or control" of the company as that term is defined by Federal

17   Rule of Civil Procedure 45 and interpreted by federal courts.  Accordingly, in

18   responding to the Requests, HP will not produce any documents outside of its

19   "possession, custody or control" as that term in understood within the meaning of

20   Rule 45 of the Federal Rules of Civil Procedure.

21       7.    HP generally objects to the term "IBM," as defined by Plaintiff in

22   Definition No. 4 of the Subpoena, on the grounds that it is vague, overbroad,

23   burdensome, oppressive and seeks information that is neither relevant to the claims or

24   defenses of either party, nor reasonably calculated to lead to the discovery of

25   admissible evidence.  Moreover, this definition is overbroad, burdensome and

26   oppressive in that it includes any IBM affiliate and/or subsidiary around the world,

27   and could potentially include every IBM employee, agent or representative around the

28   world.  To require HP to potentially search for any documents concerning IBM as

Gibson, Dunn &
Crutcher LLP

4

1    defined is oppressive and harassing to HP.  Consequently, as used herein, the term

2    IBM shall mean "International Business Machines, Inc." and its relevant employees

3    located in the IBM offices in Armonk, N.Y.; Coppell, Tex.; Somers, N.Y.; Atlanta,

4    Ga.; and Denver, Colo.[1]

5        8.    HP generally objects to the term "PSI," as defined by Plaintiff in

6    Definition No. 5 of the Subpoena, on the grounds that it is vague, overbroad,

7    burdensome, oppressive and seeks information that is neither relevant to the claims or

8    defenses of either party, nor reasonably calculated to lead to the discovery of

9    admissible evidence.  Moreover, this definition is overbroad, burdensome and

10   oppressive in that it includes any PSI affiliate and/or subsidiary around the world, and

11   could potentially include every PSI employee, agent or representative around the

12   world.  To require HP to potentially search for any documents concerning PSI as

13   defined is oppressive and harassing to HP.  Consequently, as used herein, the term PSI

14   shall mean "Platform Solutions, Inc." and its relevant employees located in the PSI

15   offices in Sunnyvale, CA.

16       9.    HP generally objects to the definition of the term "Proposed acquisition"

17   as set forth in Definition No. 18 of the Subpoena, on the grounds that it erroneously

18   refers to a "Letter of Intent" allegedly being signed by HP in October 2006.

19       10.    HP generally objects to the term "PSI's System," as defined by Plaintiff

20   in Definition No. 19 of the Subpoena, on the grounds that it is vague, overbroad,

21   burdensome, oppressive and seeks information that is neither relevant to the claims or

22   defenses of either party, nor reasonably calculated to lead to the discovery of

23   admissible evidence.  To require HP to potentially search for any documents

24   concerning PSI's system as defined is oppressive and harassing to HP.  Consequently,

25

26

27   [1] All references to Definitions and/or Instructions herein refer to Exhibit A of the
     Subpoena, and any objections to specific Definitions and/or Instructions shall
28   apply to any Requests governed by such Definitions and/or Instructions.

Gibson, Dunn &
Crutcher LLP

5

1  as used herein, the term "PSI's System" shall mean PSI's open architecture mainframe

2  computer, which is capable of running IBM's mainframe operating systems and other

3  operating systems such as Linux, Unix and Microsoft Windows, that consists of plug-

4  compatible mainframe server hardware and microcode, to the extent that PSI

5  contemplated utilizing such technology in conjunction with HP's Integrity servers.

6       11.   HP generally objects to Instruction No. 1 of the Subpoena, on the grounds

7  that it is vague in its use of the term "other persons." HP also generally objects to this

8  Instruction on the grounds that it is overbroad, burdensome, oppressive and seeks

9  information that is neither relevant to the claims or defenses of either party, nor

10  reasonably calculated to lead to the discovery of admissible evidence. HP further

11  objects to the instruction as unduly burdensome and oppressive because it purports to

12  impose upon HP the obligation to search outside its "possession, custody or control"

13  as that term is defined by Federal Rule of Civil Procedure 45 and interpreted by

14  federal courts by purporting to require HP to search the files of its "clients,

15  prospective clients, . . . representatives, relatives, friends, . . . independent contractors,

16  . . . [and] any other persons." Accordingly, in responding to the Requests, HP will not

17  produce any documents outside of its "possession, custody or control" as that term is

18  understood within the meaning of Rule 45 of the Federal Rules of Civil Procedure.

19       12.   HP objects to Plaintiff's Instruction No. 2 of the Subpoena. As currently

20  worded, Instruction No. 2 may violate Federal Rule of Civil Procedure 45 and impose

21  an undue burden upon HP in that it may require HP to incur unreasonable expense in

22  providing Electronically Stored Information ("ESI"). To the extent that ESI may need

23  to be produced in the above-titled matter, HP will meet and confer with Plaintiff

24  regarding the format of such production. However, by providing these Responses and

25  Objections, HP does not agree to undertake any excessive obligations set forth in the

26  Subpoena.

27       13.   HP objects to Plaintiff's Instruction Nos. 3 and 4 on the ground and to the

28  extent that they purport to prescribe a method of production that violates Federal Rule

1   of Civil Procedure 45. Rule 45(d)(1)(A) states that a "person responding to a

2   subpoena to produce documents shall produce them as they are kept in the usual

3   course of business *or* shall organize and label them to correspond with the categories

4   in the demand." (emphasis added). Rule 45(d)(1) "expressly authorizes production of

5   documents for inspection as they are kept in the usual course of business and relieves

6   the producing entity of the responsibility of organizing the produced documents to

7   correspond to the categories of documents requested." *Calvert v. Reinisch,* 218

8   F.R.D. 497, 502 (W.D. Tex. 2003). As such, to the extent HP agrees to produce

9   responsive materials in relation to the Subpoena, those materials shall be produced as

10  kept in the usual course of business by HP, and HP will not undertake to organize or

11  label the materials aside from providing each document with a Bates Number (or

12  range) and appropriate confidentiality legend (where necessary).

13      14.    HP generally objects to Instruction No. 5 of the Subpoena on the grounds

14  and to the extent that it imposes undue burden and expense on HP in violation of

15  Federal Rule of Civil Procedure 45 because the Instruction requires HP to provide

16  color copies of materials without reference to payment for such copies.

17      15.    HP generally objects to Instruction Nos. 7 and 9 of the Subpoena on the

18  grounds and to the extent that they impose undue burden and expense on HP in

19  violation of Federal Rule of Civil Procedure 45 because the Instructions purport to

20  impose obligations on HP to provide information beyond that required by the Federal

21  Rule of Civil Procedure 45.

22      16.    HP generally objects to Instruction No. 11 of the Subpoena on the

23  grounds that it is unduly burdensome to the extent that it interprets Federal Rule of

24  Civil Procedure 26(e) to require HP to continually amend or update its responses to

25  the Subpoena in any situation other than where HP might "learn[] that the response is

26  in some material respect incomplete or incorrect and if the additional or corrective

27  information has not otherwise been made known to the other parties during the

28  discovery process or in writing." Fed. R. Civ. Proc. 26(e)(2).

Gibson, Dunn &
Crutcher LLP

7

17.    HP generally objects to each Request on the grounds and to the extent that it is overbroad, burdensome, and oppressive because, as set forth in Instruction No. 12, the Requests are not subject to any reasonable time limitation. For this reason, the Requests are also objectionable because they seek information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, in responding to the Requests and to the extent any documents are produced, HP will consider the relevant time period to be from January 1, 2004 to the date of the filing of the Complaint in this action.

18.    HP generally objects to each Request on the ground and to the extent that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Defendant and Counterclaim Plaintiff PSI's ("Defendant") or Plaintiff's possession, or in the possession of individuals or entities other than nonparty HP and equally available to Plaintiff, on the grounds that: (a) such Requests are unreasonably cumulative or duplicative; (b) the information sought is obtainable from another source that is more convenient, less burdensome, or less expensive, and Plaintiff has had (or will have) ample opportunity by way of other discovery in this action to obtain the information sought; and/or (c) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(2)(C); *see In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (citing the Advisory Committee Notes to Rule 26 and noting that "the last sentence of Rule 26(b)(1) was added in 2000 to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery'").

19.    HP's responses are based upon its present knowledge, information and belief. Each response is at times subject to modification or supplementation as appropriate, which further investigation may reveal.

20.    HP reserves its right to move to quash the Subpoena and/or make any other motion to preserve its rights, as a nonparty, from being required to produce documents in this action.

## III.    RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things concerning PSI, including without limitation all documents, communications, and things related to: the proposed acquisition of PSI by H-P; any meetings or discussions between you and PSI; any agreements between you and PSI (including without limitation indemnification agreements); negotiations regarding agreements; proposals; contracts; licenses; minutes; presentations; reports; invoices; billing information; results; analyses; correspondence; projections, forecasts, or estimates of PSI's future profits and/or sales by units and revenues; projections, forecasts, or estimates of your return on your investment in PSI; and PSI's System, the Liberty Server, and/or the Open Mainframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's business agreements, forecasts, revenues, projections, estimates and/or analyses of its return on any investments, among other things. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce

9

Gibson, Dunn &
Crutcher LLP

1   non-privileged documents that refer or relate to: (1) the proposed acquisition of PSI by

2   HP; (2) PSI's System (as defined by HP above); or (3) meetings or discussions

3   between HP and PSI regarding (1) and (2) herein, to the extent the documents also

4   relate to IBM, and to the extent IBM demonstrates that such documents are not

5   available by way of the party-related discovery procedures set forth in the applicable

6   Federal Rules of Civil Procedure, including but not limited to Rule 34.

7   **REQUEST FOR PRODUCTION NO. 2:**

8        All documents concerning any partnership, joint venture, distributorship, or

9   other relationship, whether formal or informal, between you and PSI.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11       HP hereby refers to and incorporates by reference all of its General Objections

12  above as though fully set forth herein. HP further objects to this Request on the

13  grounds that it is overbroad and burdensome in that it seeks information that is neither

14  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

15  the discovery of admissible evidence. HP further objects to this Request to the extent

16  that it seeks proprietary and confidential information regarding HP's business

17  agreements. HP also objects to this Request on the ground that it violates Federal

18  Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's

19  or Defendant's possession, or in the possession of individuals or entities other than

20  Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

21  source that is more convenient, less burdensome, or less expensive. HP also objects to

22  this Request on the ground that it calls for the production of materials that may be

23  protected by the attorney-client privilege and/or work product doctrine. HP further

24  objects to this Request on the grounds that it is burdensome and oppressive in that it is

25  unnecessarily duplicative of Request No. 1 above. Subject to and without waiving the

26  foregoing objections, and once an appropriate Protective Order has been entered by

27  the Court, HP will produce non-privileged documents that are sufficient to show any

28  partnership, joint venture, or distributorship between HP and PSI, to the extent that

1    such documents also refer or relate to IBM, and to the extent IBM demonstrates that

2    such documents are not available by way of the party-related discovery procedures set

3    forth in the applicable Federal Rules of Civil Procedure, including but not limited to

4    Rule 34.

5    **REQUEST FOR PRODUCTION NO. 3:**

6        All documents and things concerning the Integrity Server as it relates to PSI,

7    PSI's System, the Liberty Server, and/or the Open Mainframe.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9        HP hereby refers to and incorporates by reference all of its General Objections

10   above as though fully set forth herein.  HP further objects to this Request on the

11   grounds that it is overbroad and burdensome in that it seeks information that is neither

12   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

13   the discovery of admissible evidence.  HP further objects to this Request to the extent

14   that it seeks proprietary and confidential information regarding HP's Integrity Server

15   technology.  HP also objects to this Request on the ground that it violates Federal Rule

16   of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or

17   Defendant's possession, or in the possession of individuals or entities other than

18   Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

19   source that is more convenient, less burdensome, or less expensive.  HP also objects to

20   this Request on the ground that it calls for the production of materials that may be

21   protected by the attorney-client privilege and/or work product doctrine.  HP further

22   objects to this Request on the grounds that it is burdensome and oppressive in that it is

23   unnecessarily duplicative of Request No. 1 above and No. 13 below.  Subject to and

24   without waiving the foregoing objections, and once an appropriate Protective Order

25   has been entered by the Court, HP will produce non-privileged documents concerning

26   PSI's use of the Integrity Server to the extent such documents also relate to PSI's

27   System (as defined by HP above).

28

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning communications between you and any person or entity other than PSI, including without limitation T3T, that concern or relate to PSI, PSI's System, the Liberty Server, and/or the Open Mainframe including without limitation: agreements (including indemnification agreements) between you and any person or entity other than PSI that concern PSI; documents concerning any meeting, discussion, and/or communication between you and any person or entity other than PSI; proposals; documents concerning any agreement, partnership, joint venture, distributorship, or other relationship, whether formal or informal, between you and T3T or any other person or entity relating to PSI; negotiations regarding agreements; contracts; licenses; minutes; presentations; reports; invoices; billing information; results; analyses; or correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's business relationships with T3T, among other non-parties to this litigation. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. HP further objects to this Request on the

Gibson, Dunn & Crutcher LLP

12

1  grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

2  Request No. 1 above. HP will not provide materials in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 5:**

4      All documents concerning any funding that H-P, Intel, Microsoft, or any

5  member of the Itanium Solutions Alliance, and/or the Mainframe Migration Alliance

6  has provided, is providing, or intends to provide to PSI and/or T3T, including but not

7  limited to documents showing the source and amount of any such funding.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9      HP hereby refers to and incorporates by reference all of its General Objections

10 above as though fully set forth herein. HP further objects to this Request on the

11 grounds that it is overbroad and burdensome in that it seeks information that is neither

12 relevant to the claims or defenses of either party, nor reasonably calculated to lead to

13 the discovery of admissible evidence. HP further objects to this Request to the extent

14 that it seeks proprietary and confidential information regarding HP's business

15 relationships with T3T, among other non-parties to this litigation. HP also objects to

16 this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by

17 seeking information already within the Plaintiff's or Defendant's possession, or in the

18 possession of individuals or entities other than Nonparty HP and equally available to

19 Plaintiff, and thus is obtainable from another source that is more convenient, less

20 burdensome, or less expensive. HP also objects to this Request on the ground that it

21 calls for the production of materials that may be protected by the attorney-client

22 privilege and/or work product doctrine. HP further objects to this Request on the

23 grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

24 Request No. 1 above. HP will not provide materials in response to this Request.

25 **REQUEST FOR PRODUCTION NO. 6:**

26      All documents relating to the actual or possible indemnification by any entity of

27 any other entity in connection with the testing, installation, sale, or use of any PSI

28 System, Liberty Server, Integrity Server, and/or Open Mainframe, including without

1  limitation any agreement by PSI and/or T3T to indemnify H-P and/or H-P's customers

2  in connection with these activities.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4      HP hereby refers to and incorporates by reference all of its General Objections

5  above as though fully set forth herein.  HP further objects to this Request on the

6  grounds that it is overbroad and burdensome in that it seeks information that is neither

7  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8  the discovery of admissible evidence.  HP further objects to this Request to the extent

9  that it seeks proprietary and confidential information regarding HP's business

10  relationships with T3T, among other non-parties to this litigation.  HP also objects to

11  this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by

12  seeking information already within the Plaintiff's or Defendant's possession, or in the

13  possession of individuals or entities other than Nonparty HP and equally available to

14  Plaintiff, and thus is obtainable from another source that is more convenient, less

15  burdensome, or less expensive.  HP also objects to this Request on the ground that it

16  calls for the production of materials that may be protected by the attorney-client

17  privilege and/or work product doctrine.  HP further objects to this Request on the

18  grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

19  Request No. 1 above.  Subject to and without waiving the foregoing objections, and

20  once an appropriate Protective Order has been entered by the Court, HP will produce

21  non-privileged documents that are sufficient to show any partnership, joint venture, or

22  distributorship between HP and PSI, to the extent that such documents also refer or

23  relate to IBM, and to the extent IBM demonstrates that such documents are not

24  available by way of the party-related discovery procedures set forth in the applicable

25  Federal Rules of Civil Procedure, including but not limited to Rule 34.

26  **REQUEST FOR PRODUCTION NO. 7:**

27      All documents concerning IBM patents, including without limitation:  all

28  documents concerning the Patents-in-suit and/or the subject matter described therein,

Gibson, Dunn & Crutcher LLP

14

1  including but not limited to all documents concerning H-P's first knowledge of the
2  Patents-in-suit; all documents concerning H-P's or PSI's potential or actual
3  infringement of the Patents-in-suit, and/or PSI's potential or actual liability regarding
4  infringement of the Patents-in-suit; all documents concerning any IBM "assurances"
5  or "promises" to license IBM's patents to PSI; all documents concerning any IBM
6  "assurances" or "promises" to license any IBM software to PSI or for use on PSI's
7  System, a Liberty Server, an Integrity Server, and/or an Open Mainframe; and all
8  documents concerning any "publicly disseminated policy of reasonable, non-
9  discriminatory licensing" as alleged in paragraphs 8 and 68 to 75 of PSI's
10  Counterclaims, contained in its Answer (copy attached as Exhibit F).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

12  　　　HP hereby refers to and incorporates by reference all of its General Objections
13  above as though fully set forth herein.  HP further objects to this Request on the
14  grounds that it is overbroad and burdensome in that it seeks information that is neither
15  relevant to the claims or defenses of either party, nor reasonably calculated to lead to
16  the discovery of admissible evidence.  HP also objects to this Request on the ground
17  that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information
18  already within the Plaintiff's or Defendant's possession, or in the possession of
19  individuals or entities other than Nonparty HP and equally available to Plaintiff, and
20  thus is obtainable from another source that is more convenient, less burdensome, or
21  less expensive.  HP also objects to this Request on the ground that it calls for the
22  production of materials that may be protected by the attorney-client privilege and/or
23  work product doctrine.  Subject to and without waiving the foregoing objections, and
24  once an appropriate Protective Order has been entered by the Court, HP will produce
25  non-privileged documents referencing or relating to U.S. Patent No. 5,696,709, U.S.
26  Patent No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and U.S.
27  Patent No. 6,801,993, to the extent that such documents refer or relate to PSI, and to
28  the extent such documents exist.

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 8:**

2       All documents concerning any attempts and/or decisions to modify or redesign

3  PSI's System in view of any claim of the Patents-in-suit.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

5       HP hereby refers to and incorporates by reference all of its General Objections

6  above as though fully set forth herein.  HP further objects to this Request on the

7  grounds that it is overbroad and burdensome in that it seeks information that is neither

8  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

9  the discovery of admissible evidence.  HP also objects to this Request on the ground

10 that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

11 already within the Plaintiff's or Defendant's possession, or in the possession of

12 individuals or entities other than Nonparty HP and equally available to Plaintiff, and

13 thus is obtainable from another source that is more convenient, less burdensome, or

14 less expensive.  HP also objects to this Request on the ground that it calls for the

15 production of materials that may be protected by the attorney-client privilege and/or

16 work product doctrine.  HP further objects to this Request on the grounds that it is

17 burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1

18 and 7 above.  Subject to and without waiving the foregoing objections, and once an

19 appropriate Protective Order has been entered by the Court, HP will produce non-

20 privileged documents referencing or relating to U.S. Patent No. 5,696,709, U.S. Patent

21 No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and U.S. Patent

22 No. 6,801,993, to the extent that such documents refer or relate to PSI, and to the

23 extent such documents exist.

24 **REQUEST FOR PRODUCTION NO. 9:**

25      All documents concerning whether and/or how any patent license between IBM

26 and H-P, or any other agreement between IBM and H-P, applies or relates, or might

27 apply or relate to making, selling, offering to sell, or using PSI's System, the Liberty

28 Server, and/or the Open Mainframe, or any component thereof, including without

Gibson, Dunn &
Crutcher LLP

16

1  limitation software, firmware, and/or other components that, alone or in combination,

2  emulate, in whole or in part, IBM's S/390 and/or z/Architectures.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

4      HP hereby refers to and incorporates by reference all of its General Objections

5  above as though fully set forth herein. HP further objects to this Request on the

6  grounds that it is overbroad and burdensome in that it seeks information that is neither

7  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8  the discovery of admissible evidence. HP also objects to this Request on the grounds

9  that it is vague and ambiguous in its use of the term "any patent license." HP also

10 objects to this Request on the ground that it violates Federal Rule of Civil Procedure

11 26(b)(2) by seeking information already within the Plaintiff's or Defendant's

12 possession, or in the possession of individuals or entities other than Nonparty HP and

13 equally available to Plaintiff, and thus is obtainable from another source that is more

14 convenient, less burdensome, or less expensive. HP further objects to this Request on

15 the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative

16 of Request Nos. 1, 4, 7 and 8 above. HP also objects to this Request on the ground

17 that it calls for the production of materials that may be protected by the attorney-client

18 privilege and/or work product doctrine. Subject to and without waiving the foregoing

19 objections, and once an appropriate Protective Order has been entered by the Court,

20 HP will produce non-privileged documents that refer or relate to the Patent Cross

21 Licensing Agreement between HP and IBM that relates to U.S. Patent No. 5,696,709,

22 U.S. Patent No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and

23 U.S. Patent No. 6,801,993 (hereinafter the "HP/IBM Patent CLA"), to the extent such

24 documents also relate to PSI's System (as defined by HP above).

25 **REQUEST FOR PRODUCTION NO. 10:**

26     All documents that refer or relate to the "make, use or sell" exception in H-P's

27 license grant.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the grounds that it is vague and ambiguous in its use of the undefined term "license grant." HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 7 and 9 above. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce non-privileged documents that refer or relate to the HP/IBM Patent CLA, to the extent such documents also relate to PSI or PSI's System (as defined by HP above).

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning the ability of H-P, PSI, and/or any of their customers to use or license OS/390, z/OS, or any IBM software for use in conjunction with PSI's System, the Liberty Server, and/or the Open Mainframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and

1  thus is obtainable from another source that is more convenient, less burdensome, or

2  less expensive.  HP further objects to this Request on the grounds that it is

3  burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1

4  and 10 above.  HP also objects to this Request on the ground that it calls for the

5  production of materials that may be protected by the attorney-client privilege and/or

6  work product doctrine.  Subject to and without waiving the foregoing objections, and

7  once an appropriate Protective Order has been entered by the Court, HP will produce

8  non-privileged documents that refer or relate to HP's or PSI's ability to use IBM

9  OS/390 and/or z/OS software in connection with PSI's System (as defined by HP

10  above).

11  **REQUEST FOR PRODUCTION NO. 12:**

12      All documents concerning any compensation paid by PSI to H-P for any

13  processor, product, program, device, instrumentality, software, firmware, millicode,

14  and/or microcode designed or modified by H-P, or for or on behalf of H-P, for use in

15  or with a PSI System, Liberty Server, and/or Open Mainframe.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17      HP hereby refers to and incorporates by reference all of its General Objections

18  above as though fully set forth herein.  HP further objects to this Request on the

19  grounds that it is overbroad and burdensome in that it seeks information that is neither

20  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

21  the discovery of admissible evidence.  HP also objects to this Request on the ground

22  that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

23  already within the Plaintiff's or Defendant's possession, or in the possession of

24  individuals or entities other than Nonparty HP and equally available to Plaintiff, and

25  thus is obtainable from another source that is more convenient, less burdensome, or

26  less expensive.  HP further objects to this Request on the grounds that it is

27  burdensome and oppressive in that it is unnecessarily duplicative of Request No. 1

28  above.  HP also objects to this Request on the ground that it calls for the production of

1    materials that may be protected by the attorney-client privilege and/or work product

2    doctrine. Subject to and without waiving the foregoing objections, and once an

3    appropriate Protective Order has been entered by the Court, HP will produce non-

4    privileged documents that are sufficient to show any partnership, joint venture, or

5    distributorship between HP and PSI, to the extent that such documents also refer or

6    relate to IBM, and to the extent IBM demonstrates that such documents are not

7    available by way of the party-related discovery procedures set forth in the applicable

8    Federal Rules of Civil Procedure, including but not limited to Rule 34.

9    **REQUEST FOR PRODUCTION NO. 13:**

10    All documents relating to the use or inclusion of any H-P processor, product,

11    program, device, instrumentality, software, firmware, millicode, and/or microcode in

12    or with a PSI System, Liberty Server, and/or Open Mainframe.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

14    HP hereby refers to and incorporates by reference all of its General Objections

15    above as though fully set forth herein. HP further objects to this Request on the

16    grounds that it is overbroad and burdensome in that it seeks information that is neither

17    relevant to the claims or defenses of either party, nor reasonably calculated to lead to

18    the discovery of admissible evidence. HP further objects to this Request to the extent

19    that it seeks disclosure of HP trade secrets or any other proprietary and confidential

20    HP technology. HP also objects to this Request on the ground that it violates Federal

21    Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's

22    or Defendant's possession, or in the possession of individuals or entities other than

23    Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

24    source that is more convenient, less burdensome, or less expensive. HP further

25    objects to this Request on the grounds that it is burdensome and oppressive in that it is

26    unnecessarily duplicative of Request Nos. 1, 2, 3, and 4 above. HP also objects to this

27    Request on the ground that it calls for the production of materials that may be

28    protected by the attorney-client privilege and/or work product doctrine. Subject to

1  and without waiving the foregoing objections, and once an appropriate Protective

2  Order has been entered by the Court, HP will produce non-privileged documents

3  concerning PSI's use of the Integrity Server to the extent such documents also relate

4  to PSI's System (as defined by HP above).

5  **REQUEST FOR PRODUCTION NO. 14:**

6      All versions, releases, levels, and/or models of any processor, product, program,

7  device, instrumentality, software, firmware, millicode, and/or microcode designed or

8  modified by H-P, or for or on behalf of H-P, for use in or with PSI's System, the

9  Liberty Server, and/or the Open Mainframe.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11     HP hereby refers to and incorporates by reference all of its General Objections

12 above as though fully set forth herein.  HP further objects to this Request on the

13 grounds that it is overbroad and burdensome in that it seeks information that is neither

14 relevant to the claims or defenses of either party, nor reasonably calculated to lead to

15 the discovery of admissible evidence.  HP further objects to this Request to the extent

16 that it seeks disclosure of HP trade secrets or any other proprietary and confidential

17 HP technology.  HP also objects to this Request on the ground that it violates Federal

18 Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's

19 or Defendant's possession, or in the possession of individuals or entities other than

20 Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

21 source that is more convenient, less burdensome, or less expensive.  HP further

22 objects to this Request on the grounds that it is burdensome and oppressive in that it is

23 unnecessarily duplicative of Request Nos. 1, 2, 3, 4, and 13 above.  HP will not

24 provide materials in response to this Request.

25 **REQUEST FOR PRODUCTION NO. 15:**

26     Documents sufficient to show the H-P personnel responsible for the licensing,

27 marketing, selling, manufacturing, and/or research and development of or relating to

28 any processor, product, program, device, instrumentality, software, firmware,

Gibson, Dunn &
Crutcher LLP

21

1  millicode, and/or microcode designed or modified by H-P, or for or on behalf of H-P,

2  for use in or with PSI's System, the Liberty Server, and/or the Open Mainframe.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

4      HP hereby refers to and incorporates by reference all of its General Objections

5  above as though fully set forth herein. HP further objects to this Request on the

6  grounds that it is overbroad and burdensome in that it seeks information that is neither

7  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8  the discovery of admissible evidence. Subject to and without waiving the foregoing

9  objections, and once an appropriate Protective Order has been entered by the Court,

10  HP will produce non-privileged documents sufficient to show the identities of HP

11  personnel responsible for the marketing and sale of Integrity Servers in the United

12  States for the time period January 1, 2006 to the date of the filing of the above-titled

13  lawsuit, to the extent that those people had an ongoing business relationship with PSI.

14  **REQUEST FOR PRODUCTION NO. 16:**

15      Documents sufficient to identify each entity that has implemented, used, tested,

16  evaluated, licensed, purchased, leased, or otherwise acquired any PSI System, Liberty

17  Server, Open Mainframe, or any processor, product, program, device, server,

18  instrumentality, software, firmware, millicode, and/or microcode designed or modified

19  by H-P, or for or on behalf of H-P, for use in or with PSI's System, the Liberty Server,

20  and/or the Open Mainframe, including without limitation L.L. Bean, Inc., Deutsche

21  Lufthansa AG, The Estee Lauder Companies, Cascade Natural Gas Corporation, Polk

22  County, Iowa, and the University of Alabama Hospital at Birmingham.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

24      HP hereby refers to and incorporates by reference all of its General Objections

25  above as though fully set forth herein. HP further objects to this Request on the

26  grounds that it is overbroad and burdensome in that it seeks information that is neither

27  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

28  the discovery of admissible evidence. HP further objects to this Request to the extent

Gibson, Dunn &
Crutcher LLP

1    that it seeks proprietary and confidential information regarding HP's business

2    relationships with third parties not involved in the above-titled litigation. HP also

3    objects to this Request on the ground that it violates Federal Rule of Civil Procedure

4    26(b)(2) by seeking information already within the Plaintiff's or Defendant's

5    possession, or in the possession of individuals or entities other than Nonparty HP and

6    equally available to Plaintiff, and thus is obtainable from another source that is more

7    convenient, less burdensome, or less expensive. HP further objects to this Request on

8    the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative

9    of Request Nos. 1, 2, 4, and 13 above. HP will not produce documents in response to

10   this Request.

11   **REQUEST FOR PRODUCTION NO. 17:**

12          All documents, agreements, and/or communications concerning the conception,

13   design, research, development, testing, and/or evaluation of PSI's System or

14   prototypes of PSI's System, including without limitation prototypes and/or projects

15   with codenames "Vail," "Manta," "Merlin," "Gambit" and "Stingray."

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17          HP hereby refers to and incorporates by reference all of its General Objections

18   above as though fully set forth herein. HP further objects to this Request on the

19   grounds that it is overbroad and burdensome in that it seeks information that is neither

20   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

21   the discovery of admissible evidence. HP also objects to this Request on the ground

22   that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

23   already within the Plaintiff's or Defendant's possession, or in the possession of

24   individuals or entities other than Nonparty HP and equally available to Plaintiff, and

25   thus is obtainable from another source that is more convenient, less burdensome, or

26   less expensive. HP further objects to this Request on the grounds that it is

27   burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,

28

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

1    3 and 4 above.  HP will not provide materials in response to this Request beyond what

2    it has agreed to produce in response to Request Nos. 1-3 above.

3    **REQUEST FOR PRODUCTION NO. 18:**

4        All documents, agreements, and/or communications concerning the conception,

5    design, research, development, testing, and/or evaluation of any processor, product,

6    program, device, instrumentality, software, firmware, millicode, and/or microcode

7    designed or modified by H-P, or for or on behalf of H-P, for use in or with PSI's

8    System, the Liberty Server, and/or the Open Mainframe.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10        HP hereby refers to and incorporates by reference all of its General Objections

11    above as though fully set forth herein.  HP further objects to this Request on the

12    grounds that it is overbroad and burdensome in that it seeks information that is neither

13    relevant to the claims or defenses of either party, nor reasonably calculated to lead to

14    the discovery of admissible evidence.  HP further objects to this Request to the extent

15    that it seeks disclosure of proprietary and confidential HP research, among other

16    things.  HP also objects to this Request on the ground that it violates Federal Rule of

17    Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or

18    Defendant's possession, or in the possession of individuals or entities other than

19    Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

20    source that is more convenient, less burdensome, or less expensive.  HP further

21    objects to this Request on the grounds that it is burdensome and oppressive in that it is

22    unnecessarily duplicative of Request Nos. 1, 2, 3, 4, 12, and 13 above.  HP also

23    objects to this Request on the ground that it calls for the production of materials that

24    may be protected by the attorney-client privilege and/or work product doctrine.  HP

25    will not provide materials in response to this Request beyond what it has agreed to

26    produce in response to Request Nos. 1-3 above.

27

28

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning competition with IBM S/390 or zSeries computers or products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks disclosure of proprietary and confidential HP research, among other things. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 9 and 11 above. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce non-privileged documents concerning competition with IBM S/390 or zSeries computers or products to the extent such documents also relate to PSI.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the ability of any end user of an IBM S/390 or zSeries computer to port, migrate, rehost, or otherwise modify, move, or replace some or all of its IBM S/390 or zSeries applications, processes, and/or data to or with another computing platform, including without limitation computers capable of running the UNIX, Linux, and/or Windows operating systems.

Gibson, Dunn & Crutcher LLP

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks disclosure of proprietary and confidential HP research, among other things. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1 and 19 above. HP will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 21:

All documents concerning actual or potential migration or movement, in whole or in part, of any application, process or data from IBM S/390 or zSeries platforms to any other computing platform, including without limitation computers capable of running the UNIX, Linux, and/or Windows operating systems.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks disclosure of proprietary and confidential HP research, among other things. HP also objects to this Request on the ground that it violates Federal Rule of

1  Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or

2  Defendant's possession, or in the possession of individuals or entities other than

3  Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

4  source that is more convenient, less burdensome, or less expensive. HP further

5  objects to this Request on the grounds that it is burdensome and oppressive in that it is

6  unnecessarily duplicative of Request Nos. 1, 19 and 20 above. HP will not produce

7  documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 22:**

9      All documents relating to H-P's and/or PSI's promotion, marketing, offer to sell,

10  offer to license, and/or advertising of any PSI System, Liberty Server, and/or Open

11  Mainframe, including without limitation: documents relating to competition or market

12  conditions for PSI's System, the Liberty Server, and/or the Open Mainframe; and

13  documents relating to any and all opportunities for PSI, H-P, Intel, and/or T3T to sell,

14  license, or otherwise transfer any PSI System, Liberty Server, and/or Open Mainframe.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16      HP hereby refers to and incorporates by reference all of its General Objections

17  above as though fully set forth herein. HP further objects to this Request on the

18  grounds that it is overbroad and burdensome in that it seeks information that is neither

19  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

20  the discovery of admissible evidence. HP further objects to this Request to the extent

21  that it seeks information regarding HP's actual or prospective business relationships

22  with non-parties to this litigation. HP also objects to this Request on the ground that it

23  violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already

24  within the Plaintiff's or Defendant's possession, or in the possession of individuals or

25  entities other than Nonparty HP and equally available to Plaintiff, and thus is

26  obtainable from another source that is more convenient, less burdensome, or less

27  expensive. HP also objects to this Request on the ground that it calls for the

28  production of materials that may be protected by the attorney-client privilege and/or

Gibson, Dunn &
Crutcher LLP

27

1 work product doctrine. HP further objects to this Request on the grounds that it is

2 burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,

3 4, and 19 above. Subject to and without waiving the foregoing objections, and once

4 an appropriate Protective Order has been entered by the Court, HP will produce non-

5 privileged documents that concern or relate to HP's and/or PSI's promotion, marketing,

6 offer to sell, offer to license, and/or advertising of the PSI System (as defined by HP

7 above), in competition with, or in relation to IBM's z/OS, OS/390, z/Architecture,

8 and/or ESA/390 products.

9 **REQUEST FOR PRODUCTION NO. 23:**

10     All documents concerning testing, analysis, reverse assembly, reverse

11 compiling, reverse engineering, and/or translating, in whole or in part, z/OS, OS/390,

12 z/Architecture, and/or ESA/390.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

14     HP hereby refers to and incorporates by reference all of its General Objections

15 above as though fully set forth herein. HP further objects to this Request on the

16 grounds that it is overbroad and burdensome in that it seeks information that is neither

17 relevant to the claims or defenses of either party, nor reasonably calculated to lead to

18 the discovery of admissible evidence. HP further objects to this Request to the extent

19 that it seeks disclosure of HP trade secrets or any other proprietary and confidential

20 HP technology or research. HP also objects to this Request on the ground that it

21 violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already

22 within the Plaintiff's or Defendant's possession, or in the possession of individuals or

23 entities other than Nonparty HP and equally available to Plaintiff, and thus is

24 obtainable from another source that is more convenient, less burdensome, or less

25 expensive. HP also objects to this Request on the ground that it calls for the

26 production of materials that may be protected by the attorney-client privilege and/or

27 work product doctrine. HP further objects to this Request on the grounds that it is

28

Gibson, Dunn &
Crutcher LLP

28

1  burdensome and oppressive in that it is unnecessarily duplicative of Request No. 19

2  above.  HP will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 24:**

4       Documents sufficient to identify by serial number, version, and release each

5  copy of z/OS and/or OS/390 or any portion thereof that has been installed or executed

6  on any PSI System, Liberty Server, and/or Open Mainframe.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

8       HP hereby refers to and incorporates by reference all of its General Objections

9  above as though fully set forth herein.  HP further objects to this Request on the

10  grounds that it is overbroad and burdensome in that it seeks information that is neither

11  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

12  the discovery of admissible evidence.  HP also objects to this Request on the ground

13  that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

14  already within the Plaintiff's or Defendant's possession, or in the possession of

15  individuals or entities other than Nonparty HP and equally available to Plaintiff, and

16  thus is obtainable from another source that is more convenient, less burdensome, or

17  less expensive.  HP also objects to this Request on the ground that it calls for the

18  production of materials that may be protected by the attorney-client privilege and/or

19  work product doctrine.  HP further objects to this Request on the grounds that it is

20  burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1

21  and 23 above.  HP will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 25:**

23       All documents and communications relating to plans, projections, estimates,

24  and/or forecasts of H-P's revenues from or relating to PSI and/or T3T, including

25  without limitation all documents, and/or communications sufficient to identify each

26  product and/or service generating any revenue for H-P from or relating to PSI and

27  T3T.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's forecasts, projections, and/or business relationship with T3T. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2, 3 and 12 above. HP will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that relate to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of

Gibson, Dunn &
Crutcher LLP

1    individuals or entities other than Nonparty HP and equally available to Plaintiff, and

2    thus is obtainable from another source that is more convenient, less burdensome, or

3    less expensive.  HP also objects to this Request on the ground that it calls for the

4    production of materials that may be protected by the attorney-client privilege and/or

5    work product doctrine.  HP further objects to this Request on the grounds that it is

6    burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,

7    3, 4, 7, 19, 20, 21, 22 and 23 above, among others.  HP will not produce documents in

8    response to this Request.

9

10    DATED: June 29, 2007                    JEFFREY T. THOMAS

11                                            ANGELIQUE KAOUNIS

12                                            GIBSON, DUNN & CRUTCHER LLP

13                                            By _____

14                                                  Angelique Kaounis

15                                            Attorneys for Nonparty
                                              HEWLETT-PACKARD COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

## VERIFICATION

I, Kathryn Doyel, am employed in the Corporate, Securities and M&A Section of Corporate Legal Department of Hewlett-Packard Company ("Hewlett-Packard") and I am authorized to sign this verification on behalf of HP.

The document entitled *Nonparty Hewlett-Packard Co.'s Objections and Responses to Plaintiff IBM's May 31, 2007 Subpoena for Documents* ("Response") was prepared with the assistance of employees and representatives of Hewlett-Packard. The contents of this Response are not all within my personal knowledge, and I am informed that there is no single employee of Hewlett-Packard who has personal knowledge of all the matters set forth in this Response. Subject to the limitations set forth above, I have read the Response and upon information and belief know the contents thereof. I verify under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on June 29, 2007 at Palo Alto, California.

KATHRYN DOYEL

100236773_2.DOC

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

## MAIL, COMMERCIAL OVERNIGHT MESSENGER, FAX, HAND DELIVERY

I, Claudette M. Blaylock, hereby certify as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State; I am employed in the office of Angelique Kaounis, a member of the bar of this Court, and at her direction, on June 29, 2007, I served the following:

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

on the interested parties in this action, by:

☐   **Service by Mail:** placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as follows:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☒   **Service by Commercial Overnight Messenger:** placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as follows:

> Richard W. Erwine, Esq.
> Katherine Weall, Esq.
> Quinn Emanuel Urquart
>   Oliver & Hedges, LLP
> 51 Madison Avenue, 22nd Floor
> New York, NY 10010
> (212) 849-7000 (tel.)

Gibson, Dunn &
Crutcher LLP

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

(212) 849-7100 (fax)
[Courtesy copy by email/Pdf]

and after sealing said envelope I caused same to be delivered to the aforementioned attorney(s) by qualified commercial overnight messenger.

☐ **Service by Fax:** causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated, addressed as follows:

**Attorney Name & Address**                    **Fax and Callback Number**

and that the transmission was reported as completed and without error. A true and correct copy of said transmission report is attached hereto.

☐ **Service by Hand Delivery:** delivering true and correct copy(ies) thereof and sufficient envelope(s) addressed to the attorney(s) of record, addressed as follows:

to a messenger or messengers for personal delivery.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this Certificate of Service was executed by me on June 29, 2007 at Los Angeles, California.

_____
Claudette M. Blaylock

100236773_3.DOC