# EXHIBIT L

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

AKaounis@gibsondunn.com

July 23, 2007

Direct Dial
(213) 229-7137

Client No.
T 38126-00565

Fax No.
(213) 229-6137

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

Katherine J. Weall
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
51 Madison Ave., 22nd Flr.
New York, NY 10010

    Re:    *IBM v. PSI: Meet and confer re third party subpoenas to HP*

Dear Katherine:

    Thank you for your response to my July 12 letter summarizing the July 5, 2007 meet and confer efforts of HP, PSI, and IBM. As I mentioned in the July 5 meet and confer (and in my email of earlier today), HP's goal is to begin producing documents at the end of July. However, HP will not begin producing documents until IBM and PSI have both countersigned its proposed letter agreement amending the June 14, 2007 stipulated protective order. Toward that end, please let me know when you've had a chance to speak with your client regarding the same.

    In the interest of expediency, I will not re-examine each of the subjects and/or requests mentioned in my July 12 letter or your July 17 letter. Instead, I note that as it stands right now, we appear to have reached agreement with respect to Request Nos. 10, 20, and 21, and have also agreed that Request No. 14 is tabled. With regard to Request Nos. 20 and 21, as set forth in my letter of July 12, in response to IBM's offer to limit these Requests to PSI's system only, HP will produce materials to the extent that they are covered in its response to Request No. 1, but will not separately search for materials in response to this Request. Although IBM and HP have not yet reached agreement on the scope of Request Nos. 1-9, 11-13, 15-19, and 22-26, HP will still produce materials in response to some of these requests as set forth in my July 12 letter and HP's June 29, 2007 *Objections and Responses to Plaintiff IBM's May 31, 2007 Subpoena for Documents* ("HP's June 29 Responses").

## GIBSON, DUNN & CRUTCHER LLP

Ms. Katherine Weall
July 23, 2007
Page 2


Additionally, there appear to be a few isolated requests about which there is some confusion. For example, in your July 17 letter, you stated that IBM agreed to limit Request No. 7 from "[a]ll documents concerning IBM Patents" to all documents concerning "the Patents-in-suit." However, HP's offer to produce in response to this Request not only limited the scope of the Request to the patents in suit, but also qualified it as to those documents that also "refer or relate to PSI." Accordingly, HP will produce documents as set forth in its June 29 Responses.

Also in your July 17 letter, you offered to reword Request No. 19. Unfortunately, the Request as reworded is still too broad and would call for documents that are not relevant to the underlying case between IBM and PSI. Thus, for the time being, as I stated in our summary of the meet and confer, HP will produce documents as set forth in its written response to Request No. 19.

With respect to Request Nos. 23 and 24, I believe that you may have inadvertently misstated the agreement reached during our meet and confer. As stated in my July 12 summary letter, during the meet and confer, the parties agreed to limit the scope of these Requests to documents also relating to PSI's System. In your July 17 letter, you stated that IBM would agree to limit the request to documents relating to PSI. Just to clarify, HP will be producing according to our agreement as summarized in my July 12 summary.

With regard to Request No. 26, as stated in my July 12 summary, the parties did not reach an agreement regarding this Request. Accordingly, we respectfully decline your offer to limit the scope of this Request to documents also relating to PSI.

Assuming that IBM and PSI have countersigned the proposed July 12 letter agreement to amend the June 14, 2007 stipulated protective order, HP's goal is to begin producing materials by July 31, 2007. HP will produce documents as set forth in my July 12, 2007 letter and HP's June 29 Responses. After IBM has had a chance to review the materials produced, we are hopeful that IBM will not need to request further documents from HP. If you believe that this timeline does not afford you adequate time to review HP's material prior to IBM's filing deadline for its Opposition to HP's Motion to Modify the Subpoena and for a Protective Order, please let me know as soon as possible so that I may try to continue the hearing date (upon HP's approval to do so). As I previously mentioned, it is our goal to make the production of documents in response to both subpoenas as efficient as possible.

Toward that end, we are hopeful that HP and the parties will be able to resolve the outstanding issues related to these subpoenas. In the event that we are unable to do so, please be advised that in addition to moving forward with HP's Motion, HP will seek reimbursement of the costs of complying with any unduly burdensome requests. Finally, to the extent that I failed to address a particular subject mentioned in your July 17 letter, please do not construe that to mean that HP has agreed to produce materials beyond what is set forth in my July 12 letter and HP's June 29 Responses.

## GIBSON, DUNN & CRUTCHER LLP

Ms. Katherine Weall
July 23, 2007
Page 3

       Thank you for your ongoing courtesy and cooperation in these matters.

       Very truly yours,

       Angelique Kaounis

AK/kas

cc:   Ryan C. Kirkpatrick, Esq. (email only)

100267595_1.DOC