# EXHIBIT  N

## Andrew Curran

| | |
|---|---|
| **From:** | Kaounis, Angelique [AKaounis@gibsondunn.com] |
| **Sent:** | Friday, August 24, 2007 6:16 PM |
| **To:** | Katherine Weall |
| **Cc:** | Raines, Eric; Ryan C. Kirkpatrick |
| **Subject:** | August242007LettertoCounsel.pdf |
| **Attachments:** | August242007LettertoCounsel.pdf |

Katherine,
    Attached please find HP's response meet and confer letter to IBM's suggested comments to the Protective Order agreement.  Please let me know if you have any questions.

Thanks very much,
Angelique


<<August242007LettertoCounsel.pdf>>

"MMS <Gibsondunn.net>" made the following annotations.
--------------------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==================================================================

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

AKaounis@gibsondunn.com

August 24, 2007

Direct Dial
(213) 229-7137

Fax No.
(213) 229-6137

Client No.
T 38126-00565

VIA EMAIL/PDF AND US MAIL

Katherine Weall, Esq.
Quinn Emanuel Urquhart
   Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010

Re:    *IBM v. PSI:  Meet and confer re third party subpoenas to HP*

Dear Katherine:

We have carefully considered your client's proposed revisions to the July 27 letter
agreement I sent you and write to meet and confer on those suggested revisions.

As an initial matter, I was surprised to see IBM's proposal to allow four (4) in-house
IBM attorneys the opportunity to view HP's confidential and sensitive materials, since, as we
have explained since April of this year, HP cannot agree to allow in-house IBM attorneys to
review material that is designated confidential and/or proprietary.  Moreover, your letter of July
17 indicated that you agreed in principal to this, as did Mr. Erwine in our telephone conversation
of July 5.  While I understand that the details of the agreement were subject to your client's final
approval, this is something that HP has made you aware of since before IBM issued the
subpoena.  Now, after HP has expended significant time and resources collecting approximately
20,000 pages of material in response to IBM's subpoena, it appears that IBM is taking the
position that it would like to give its in-house attorneys access to HP's most sensitive materials.
As you are aware, IBM, PSI, and HP compete in several different areas.  HP places great value
on being able to keep its strategic, proprietary and customer information confidential.  The
subpoena issued by IBM calls for documents containing highly confidential and sensitive
information belonging not only to HP,` but also to other non-party entities that deal with IBM on
a regular basis.  Because of this, HP has consistently maintained that the employees of IBM and
PSI, including in-house counsel, not be allowed access to this information.

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

# GIBSON, DUNN & CRUTCHER LLP

Katherine Weall, Esq.
August 24, 2007
Page 2


Further, HP respectfully declines the offer to subject itself to the jurisdiction of the District Court of the Southern District of New York. The subpoena that IBM served upon HP was issued by the District Court for the Northern District of California, where HP's Motion to Modify that subpoena (and for a Protective Order), is currently pending. Thus, there does not appear to be a dispute as to which Court has jurisdiction over the production and protection of HP materials in this case.

Regarding the production of certain electronic materials, as I explained in my email of July 26, HP is going to produce single page .TIFF images with an Opticon log and iPRO lfp cross reference files. In that same email, I explained that my document processing vendor said this is standard protocol, and I expressly asked you to let me know (by COB the next day, Friday, July 27), if this type of production was not compatible with your document review systems. Though you responded to my letter, you made no objection to the production in the stated format. Given this, I am unsure as to why IBM's current proposal redacted our language clarifying that HP would produce in the .TIFF format.

Finally, as to the suggestion to shorten the timeframe for HP to seek, if necessary, an order precluding the introduction of protected documents, HP cannot agree to this proposal. We understand the occasional need to file materials with the Court on short notice, and will work with you to address any urgent needs that arise in that regard. However, as a blanket rule, in order to most effectively protect the interests of HP's information, HP believes it would need 10 days to seek protection, if necessary, of the materials it produces in this matter.

As I mentioned earlier, HP has undertaken great expense to collect, review and process over 20,000 pages of material for production. Our hope is that if IBM joins PSI in signing the July 27 letter agreement, IBM's outside counsel will be able to review the documents sooner rather than later and without the added expense of additional motion practice. Please let me know if you would like to discuss these matters further.

Very truly yours,

Angelique Kaounis

AK/jt
cc:    Eric Raines, Esq.
       Ryan C. Kirkpatrick, Esq.