# EXHIBIT  P

## Andrew Curran

| | |
|---|---|
| **From:** | Kaounis, Angelique [AKaounis@gibsondunn.com] |
| **Sent:** | Wednesday, September 12, 2007 11:35 AM |
| **To:** | Katherine Weall |
| **Cc:** | Raines, Eric; Richard Erwine |
| **Subject:** | RE: IBM v. PSI - IBM's response to HP's latest proposal re: Letter agreement |

Hi Katherine,
    I will get back to you after I've had a chance to talk to HP.  With regard to  No. 3, I just want to be sure I understand -- is your former suggestion that IBM would be willing to lessen the number of IBM in-house attorneys who would have access to the material to as few as one now completely off the table?
Please let me know.
thanks very much,
Angelique

---

**From:** Katherine Weall [mailto:KatherineWeall@QuinnEmanuel.com]
**Sent:** Tuesday, September 11, 2007 7:35 AM
**To:** Kaounis, Angelique
**Cc:** Raines, Eric; Richard Erwine
**Subject:** IBM v. PSI - IBM's response to HP's latest proposal re: Letter agreement

Angelique:

I've spoken to IBM, and the company's responses to HP's proposals as outlined in your email of Friday, September 7, 2007 are as follows:

1. With respect to the provision concerning use of HP's documents at a hearing or trial, IBM proposes that there be a three day notice period to HP, during which HP may meet and confer with the party proposing to use HP's document, followed by a three day period during which HP may move the court for an order precluding introduction of documents if agreement is not reached. IBM believes a longer period would unnecessarily delay and disrupt the proceedings.

2. With respect to the format in which documents are produced, IBM notes that its subpoena has requested source code from HP. As far as IBM has been able to surmise from discovery thus far, HP was involved in the development of PSI's product, and it would be surprising if HP did not have source code in its possession. IBM is willing to table this provision temporarily and reserve its rights to take the issue to the court if it deems that HP's production has been incomplete. IBM points out that it is not asking HP to produce documents in a format different from that used by the parties in this case.

3. With respect to the Outside Counsel's Eyes Only provision, IBM will not consider any provision that limits its rights to seek the full relief of the court. HP's proposal that "in the even that IBM decides to seek a court order as to certain items, its request would be limited to showing the materials to only one in-house lawyer" is unacceptable.

As we discussed, the attorneys who would have access to HP's documents are not part of the Intellectual Property division. Although, in principle, they are willing to sign an agreement not to reveal any information gleaned from the documents to any other IBM employee, IBM wishes to make it clear that these are licensed attorneys - officers of the court - and that signing an additional agreement could be considered superfluous in light of their professional obligations.

IBM's proposal remains to have four specifically named attorneys working in the Corporate Litigation Department allowed access to HP's documents. If one of the four should leave the case or IBM for any reason, IBM would have the right to name another attorney to replace him or her, so that the number of IBM attorneys with access to the documents would remain at four at all times.

IBM has asked me to make it clear that the company is willing to litigate the issue of access to HP's documents by in-house counsel if HP does not show flexibility on this provision.  Allowing a certain number of in-house counsel to have access to documents in a complex litigation such as this one is standard.

4. I have not yet heard back from my client on the acceptability of the prices in the cost sharing agreement, but I have let them know that the prices appear to be standard and reasonable.

Please present these proposals to your client and advise us of their response at the earliest possible date.

Regards,

Katherine

Katherine J. Weall, Esq.
**quinn emanuel urquhart oliver & hedges llp**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct Phone: (212) 849-7197
Main Phone: (212) 849-7000
Main Fax: (212) 849-7100
E-mail:  katherineweall@QuinnEmanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kaounis, Angelique [mailto:AKaounis@gibsondunn.com]
**Sent:** Tuesday, September 11, 2007 3:17 AM
**To:** Katherine Weall
**Cc:** Raines, Eric
**Subject:** your voicemail

Hi Katherine,
     Sorry I missed your call today.  I was in meetings all day.  I will be in meetings most of the morning tomorrow and then out of the office at a client's in the afternoon.  Do you want to try to sort out the remaining meet and confer issues via email?  I'll have blackberry access most of the day.

Thanks,
Angelique

Angelique Kaounis
Gibson, Dunn & Crutcher, LLP

10/1/2007

your voicemail

333 South Grand Ave., Los Angeles, CA 90071
akaounis@gibsondunn.com
d: 213.229.7137
f: 213.229.6137

=========================================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
=========================================================================

=========================================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
=========================================================================

10/1/2007