GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS, SBN 106409
JTthomas@gibsondunn.com
4 Park Plaza, Suite 1400
Irvine, California 92614-8557
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

ANGELIQUE KAOUNIS, SBN 209833
AKaounis@gibsondunn.com
333 South Grand Ave.
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Nonparty
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re* IBM Subpoena in the matter of:<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>PLATFORM SOLUTIONS, INC.,<br><br>      Defendant and Counterclaimant. | CASE NO. C07-80174 RMW (PVT)<br><br>Underlying action pending in the United States District Court for the Southern District of New York, CASE NO. CV 06-13565 SCR<br><br>**DECLARATION OF ALEXANDER S. KLEIN III IN RESPONSE TO COURT'S OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**<br><br>Hearing Date: Off-calendar<br>Former Hearing Date:   October 23, 2007<br>Place:   Courtroom 5<br>Before: The Honorable Patricia V. Trumbull |

I, ALEXANDER S. KLEIN III, hereby declare as follows:

1. I am an attorney licensed to practice before the courts of this State, and I am a Senior Counsel in the Legal Department of Nonparty Hewlett-Packard Company ("HP") currently providing legal counsel to HP's Business Critical Systems ("BCS") global business unit. I make this declaration in response to the Court's October 9, 2007 Order re: Requests to File Documents Under Seal ("Court's October 9, 2007 Order") (attached hereto as Exhibit A), and specifically to provide the Court with an explanation as to the confidential nature of the specific material HP seeks to maintain under seal. All matters stated herein are of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. This matter arises out of IBM's issuance of a May 31, 2007 subpoena (the "Subpoena") to nonparty HP, in the underlying action entitled *International Business Machines v. Platform Solutions Inc.* (S.D.N.Y. CASE NO. CV 06-13565 SCR) ("*IBM v. PSI*"). HP has ongoing business relationships with both parties to the *IBM v. PSI* lawsuit, but is not a party to the underlying litigation. Additionally, IBM and HP are competitors in the markets for desktop and laptop computers, server hardware, and related services and products.

3. I have worked at HP since January, 1998. During my tenure at HP, I have supervised and worked on various corporate legal matters involving HP's commercial and technology transactions, intellectual property licensing, sales, Original Equipment Manufacturer ("OEM") relationships (including distribution agreements), and antitrust and e-commerce matters. In the course of my duties, I regularly interact with HP engineering, marketing, and senior staff personnel in its BCS global business unit, and other HP functions including the Sales, Corporate Development, Legal, Technology, Finance, and Marketing Departments. In many cases, I am the lead Legal Department contact for the negotiation of prospective BCS business relationships that HP has under consideration, whether it be for licensing, sales, acquisition or otherwise. In the context of such proposed business relationships, I have been responsible for limiting and tracking the flow of commercially sensitive information regarding select proposed business relationships, and for protecting such material from public disclosure. I am thus readily familiar with how HP

Gibson, Dunn & Crutcher LLP

**KLEIN DECLARATION IN RESPONSE TO OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**      **CASE NO. C 07-80174-RMW (PVT)**

maintains the confidentiality of this type of information, and with which matters, as a general policy, warrant confidential treatment.

4. HP is a technology company whose stock is publicly traded on the New York Stock Exchange. HP invests a significant amount of capital in research and development each year. In the last three fiscal years alone, the company invested roughly $3.5 billion annually in research and development. *See* Exhibit B. Attached hereto as Exhibit B is a true and correct copy of select pages from HP's Form 10-K for fiscal year ending Oct. 31, 2006, including its *Consolidated Statement of Earnings*, downloaded from HP's website at http://media.corporate-ir.net/media_files/irol/71/71087/pdf/HP_2006AR_ADA.pdf on June 30, 2007.

5. Because of HP's status as a public company, and because of the enormous investment that HP makes in R&D and other business initiatives, HP takes extensive measures to protect its intellectual property and confidential proprietary materials. Among other things, as a general practice, HP (1) limits the internal HP distribution of information regarding certain future business initiatives and relationships (such as the one at issue here) to persons on a "need-to know" basis; (2) enters into non-disclosure agreements with third parties regarding future initiatives; and/or (3) includes confidentiality clauses in its contracts with all third parties regarding future initiatives. These types of confidentiality measures are necessary to prevent certain confidential business information from becoming public knowledge and potentially affecting HP's competitive interests and/or its stock price.

6. The material that HP seeks to maintain under seal in relation to the Court's October 9, 2007 Order is limited to select references to one of HP's proposed business transactions. The references to this information can be found in the following locations in *IBM's Opposition to HP's Motion to Modify IBM Subpoena and for Protective Order*, and supporting exhibits (filed on October 2, 2007):

    a. <u>IBM's Opposition brief</u>: page 1, lines 10-11; page 3, lines 16-19; page 12, lines 16, 20-23; page 13, lines 1-2, and page 15, line 19;

2

**KLEIN DECLARATION IN RESPONSE TO OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**      **CASE NO. C 07-80174-RMW (PVT)**

Gibson, Dunn & Crutcher LLP

b. <u>Exhibit G to Declaration of Katherine Weall</u>: page 5, lines 16 and 18, page 9, lines 4-5 and page 10, line 1 of the underlying document;

c. <u>Exhibit J to Declaration of Katherine Weall</u>: page 1, line 4 in the first full paragraph under "1. The Protective Order"; and

d. <u>Exhibit K to Declaration of Katherine Weall</u>: page 2, lines 6-7 in the first full paragraph under "B. HP's Objections to IBM's Request for the Production of Documents. 1. Definitions," and page 3, line 5 in the first full paragraph under "C. Specific Requests."

For ease of the Court's reference and pursuant to the requirements of Civil Local Rule 79-5, the above-listed documents are attached hereto in redacted form as Exhibits C- F, respectively. The nature of the proposed business relationship referenced in the above-listed documents, as well as the potential consummation of the relationship, are confidential matters about which only a limited number of people at HP have knowledge. The team that worked on the particular business matter at issue here was limited to a core group of individuals, which consisted primarily of select HP executives of certain business units that would be directly impacted by the proposed business relationship (and their administrative assistants), select Corporate Development personnel, and a few HP Legal Department personnel required to assist in the negotiations of the proposed relationship. Within HP, certain proposed business transactions such as the one at issue here are referred to by the use of code names, which is a precautionary measure that HP takes to prevent inadvertent disclosure of such matters to unauthorized personnel. Thus, the fact that HP even considered the proposed business relationship at issue here is confidential.

7. Permitting disclosure of this type of information to competitors and the public would cause serious competitive injury to HP because competitors could use this otherwise confidential and valuable information to ascertain (1) where HP contemplates potential growth in certain markets; and (2) HP's business strategies in relation to these areas of technology and business. This type of material is clearly of value to a competitor because a competitor can use this information to preempt certain HP business efforts, and/or can concentrate its own efforts on areas

3

Gibson, Dunn & Crutcher LLP

**KLEIN DECLARATION IN RESPONSE TO OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**    **CASE NO. C 07-80174-RMW (PVT)**

of HP's perceived concern or focus. The disclosure of this information could damage not only HP's competitive interests vis-à-vis another competitor, but could also affect HP's stock price on the open market, because, if certain confidential business initiatives were made public, such information could prompt investors or potential investors to buy or sell HP stock when they otherwise might not do so, thereby interrupting the ordinary market forces that affect HP's stock price.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October 2007 at Palo Alto, California.

By: /s/ Alexander S Klein III

# DECLARATION OF SERVICE

I, Joyce Tanabe, hereby certify as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, California 90071, in said County and State; I am employed in the office of Angelique Kaounis, a member of the bar of this Court, and at her direction, on October 15, 2007, I served the following:

**DECLARATION OF ALEXANDER S. KLEIN III IN RESPONSE TO COURT'S OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**

on the interested parties stated below, by the following means of service:

Richard W. Erwine, Esq.  richarderwine@quinnemanuel.com
Katherine Weall, Esq.  KatherineWeall@QuinnEmanuel.com
Quinn Emanuel Urquart
  Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
 [Counsel for IBM]

Ryan C. Kirkpatrick  rkirkpatrick@susmangodfrey.com
Susman Godfrey LLP
1901 Ave. of the Stars, Suite 950
Los Angeles, CA 90067
Tel.  (310) 789-3107
FAX (310) 789-3016
[Counsel for PSI]

**BY PDF FORMAT:**  I caused each such document to be transmitted by PDF format, to the parties and email addresses listed above.

I certify under penalty of perjury that the foregoing is true and correct, that the original of the aforementioned document(s) was/were printed on recycled paper, and that this Certificate of Service was executed by me on October 15, 2007 at Los Angeles, California.

Joyce Tanabe

100317439_2.DOC

Gibson, Dunn & Crutcher LLP

**KLEIN DECLARATION IN RESPONSE TO OCTOBER 9, 2007 ORDER RE: REQUESTS TO FILE DOCUMENTS UNDER SEAL**    **CASE NO. C 07-80174-RMW (PVT)**