# EXHIBIT D

## (Redacted Version of Exhibit G to Declaration of Katherine Weall, filed Oct. 2, 2007)

## Andrew Curran

| From: | Kaounis, Angelique [AKaounis@gibsondunn.com] |
|---|---|
| Sent: | Friday, June 29, 2007 5:07 PM |
| To: | Richard Erwine |
| Cc: | Katherine Weall |
| Subject: | IBM v. PSI |
| **Attachments:** | Resp-Obj IBMSubpoena.pdf |

Mr. Erwine,

　　Attached please find *Hewlett-Packard Company's Objections and Responses to IBM's May 31, 2007 Subpoena for Documents*. As we discussed yesterday, I contacted counsel for PSI to set up a meet and confer to discuss the parameters of HP's production in relation to both the PSI and IBM subpoenas. He is available on either July 5, 2007, or some time shortly after July 11, 2007 (after Ms. Weall's return). I will be in touch to confirm the timing shortly.

　　Please get back to me at your earliest convenience regarding our conversation of earlier today. As we discussed, I apologize for not confirming a protocol for objections and responses with Ms. Weall after service of IBM's subpoena. As I mentioned to Ms. Weall in April, and reiterated to you on the phone, I am hopeful that we will be able to work out any issues regarding the scope of the production through the meet and confer process.

Thanks very much for your courtesy in this matter.
Angelique

<<Resp-Obj IBMSubpoena.pdf>>
Angelique Kaounis
Gibson, Dunn & Crutcher, LLP
333 South Grand Ave., Los Angeles, CA 90071
akaounis@gibsondunn.com
d: 213.229.7137
f: 213.229.6137

========================================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
========================================================================

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197

(213) 229-7000

www.gibsondunn.com

AKaounis@gibsondunn.com

June 29, 2007

Direct Dial
(213) 229-7137

Fax No.
(213) 229-6137

Client No.
T 38126-00565

## VIA OVERNIGHT COURIER AND EMAIL/PDF

Richard W. Erwine, Esq.
Katherine Weall, Esq.
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Re: *IBM* v. *PSI*

Dear Mr. Erwine:

Enclosed please find *Hewlett-Packard Company's Objections and Responses to IBM's May 31, 2007 Subpoena for Documents*. As we discussed yesterday on the phone, I will contact counsel for PSI to set up a meet and confer conference to discuss the parameters of HP's production in relation to both the PSI and IBM subpoenas on either July 5, 2007, or some time shortly after July 11, 2007. I will be in touch to confirm the timing shortly.

Very truly yours,

Angelique Kaounis

AK/cmb

100254545_1.DOC

cc: Jeffrey T. Thomas, Esq. (w/Encl.)

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

1  JEFFREY T. THOMAS, SBN 106409
   JTthomas@gibsondunn.com
2  ANGELIQUE KAOUNIS, SBN 209833
   AKaounis@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
4  4 Park Plaza, Suite 1400
   Irvine, California 92614-8557
5  Telephone: (949) 451-3800
   Facsimile: (949) 451-4220
6  Attorneys for Nonparty
7  HEWLETT-PACKARD COMPANY

8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  INTERNATIONAL BUSINESS            Action pending in the United States
12  MACHINES CORPORATION,             District Court for the Southern District of
                                      New York, CASE NO. CV 06-13565 SCR
13             Plaintiff and Counterclaim
               Defendant,             **NONPARTY HEWLETT-PACKARD**
14                                    **COMPANY'S OBJECTIONS AND**
                                      **RESPONSES TO PLAINTIFF IBM'S**
15       v.                           **MAY 31, 2007 SUBPOENA FOR**
                                      **DOCUMENTS**
15  PLATFORM SOLUTIONS, INC.,

16             Defendant and
17             Counterclaimant.

18

19              I.   **PRELIMINARY STATEMENT**

20        Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Nonparty

21  Hewlett-Packard Company ("HP") hereby objects and responds to the document

22  subpoena served on or about May 31, 2007 (the "Subpoena") by Plaintiff and

23  Counterclaim Defendant International Business Machines, Inc. ("IBM" or "Plaintiff")

24  in the above-titled matter.  The foregoing objections apply to each and every

25  Document Request ("Request") propounded in the Subpoena, whether or not

26  specifically referred to in the responses below.

27

28

Gibson, Dunn &
Crutcher LLP

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S**
**MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

## II.   GENERAL OBJECTIONS

1.     HP generally objects to each Request on the ground and to the extent that it is overbroad and unduly burdensome. The sheer breadth of the Requests demonstrate that they have not been appropriately tailored to discover information that is relevant to the claims or defenses of either party, and/or reasonably calculated to lead to the discovery of admissible evidence, particularly in light of HP's nonparty status. Therefore, as a general matter, the Requests violate Federal Rule of Civil Procedure 26.

2.     HP generally objects to the Subpoena in its entirety because it purports to "subject[] a person to undue burden" in violation of Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure ("Rule 45"). Moreover, the subpoena is invalid on its face and violates Rule 45 (b)(1) and 45(c)(3)(A) because it fails to give adequate notice to all parties prior to service and requires inspection at a place more than 100 miles from HP's principal place of business.

3.     HP generally objects to each Request on the ground and to the extent that it seeks information that is subject to a claim of privilege or that is otherwise protected from disclosure by, including without limitation, the attorney-client privilege, the attorney work product doctrine (including but not limited to as understood in the context of Federal Rules of Civil Procedure 26 and 45), or is protected from disclosure by any other privilege, whether conferred by contract or law, and HP hereby asserts such privileges. Therefore, HP will produce only those documents that are not subject to any recognized privilege or protection, and hereby defines the term "non-privileged" to refer to those documents that are not subject to any recognized privilege or protection, including but not limited to the attorney-client privilege and attorney work product doctrine. Inadvertent disclosure of any document which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other grounds for objecting to the discovery with respect to such document or the

Gibson, Dunn &
Crutcher LLP

2

1   subject matter thereof, or the right of HP to object to the use of any such document or
2   the subject matter thereof during subsequent proceedings.

3       4.   HP generally objects to each Request on the ground and to the extent that
4   it seeks divulgence of trade secret, or other confidential proprietary research,
5   development, or commercial information whether protected by contract or by law,
6   including but not limited to Rules 26 and 45 of the Federal Rules of Civil Procedure,
7   California Civil Section 3426 *et seq.*, and/or the Uniform Trade Secrets Act, and that
8   is not adequately protected by any Protective Order. *See* Fed. Rs. Civ. Proc. 26(c) &
9   45(c)(3)(B). Federal Rule of Civil Procedure 45(c)(3)(B) was intended to provide
10  protection for the intellectual property of nonparties. *See Mattel, Inc. v. Walking*
11  *Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (citing Rule 45 Advisory
12  Committee Notes (1991)). To the extent that this Subpoena or any Requests therein
13  seek divulgence of HP's confidential, proprietary and/or trade secret material, HP will
14  not produce such information until IBM has made the required showing under Federal
15  Rule of Civil Procedure 45(c) of a substantial need for the material that cannot
16  otherwise be met without undue hardship. *See nSight, Inc. v. PeopleSoft, Inc.*, No.
17  3:04 CV 3836 MMC (MEJ), 2006 U.S. Dist. LEXIS 22383, at *6 (N.D. Cal. April 13,
18  2006). Additionally, under no circumstances will HP produce any documents in
19  response to this subpoena unless and until an appropriate Protective Order is entered
20  into among HP and all parties that have or will have access to any materials that may
21  be produced by HP in this case.

22      5.   HP generally objects to Plaintiff's Instructions and each Request on the
23  ground and to the extent that they purport to impose upon it any obligations beyond
24  those specified in the applicable Federal Rules of Civil Procedure pertaining to
25  nonparty discovery and/or responses to subpoenas, including but not limited to Rules
26  26 and 45 of the Federal Rules of Civil Procedure, and to the extent that they request
27  information beyond the scope of inquiry permitted by these rules. By providing these

28

Gibson, Dunn &
Crutcher LLP

3

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

1   Responses and Objections, HP does not agree to undertake any excessive obligations
2   set forth in the Subpoena.

3       6.    HP generally objects to the undefined term "HP" as used by IBM in
4   Subpoena, on the grounds that it is vague, overbroad, burdensome, oppressive and
5   seeks information that is neither relevant to the claims or defenses of either party, nor
6   reasonably calculated to lead to the discovery of admissible evidence. This undefined
7   term is overbroad, burdensome and oppressive in that it could potentially include
8   every HP employee, agent or representative around the world. To require HP to
9   potentially search its employee's files worldwide for responsive information is
10   oppressive and harassing to HP. Consequently, as used herein, the term "HP" shall
11   mean Hewlett Packard Co. and its relevant employees located in the HP offices in Palo
12   Alto and San Francisco, Cal.; Marlboro, Mass.; Fort Collins, Colorado; Orlando,
13   Florida; and Houston, Texas. HP further objects to the term "HP" as unduly
14   burdensome and oppressive because the term, as used by the Plaintiff, could include
15   all affiliates, divisions, and subsidiaries of HP, whose materials may not fall within the
16   "possession, custody or control" of the company as that term is defined by Federal
17   Rule of Civil Procedure 45 and interpreted by federal courts. Accordingly, in
18   responding to the Requests, HP will not produce any documents outside of its
19   "possession, custody or control" as that term in understood within the meaning of
20   Rule 45 of the Federal Rules of Civil Procedure.

21       7.    HP generally objects to the term "IBM," as defined by Plaintiff in
22   Definition No. 4 of the Subpoena, on the grounds that it is vague, overbroad,
23   burdensome, oppressive and seeks information that is neither relevant to the claims or
24   defenses of either party, nor reasonably calculated to lead to the discovery of
25   admissible evidence. Moreover, this definition is overbroad, burdensome and
26   oppressive in that it includes any IBM affiliate and/or subsidiary around the world,
27   and could potentially include every IBM employee, agent or representative around the
28   world. To require HP to potentially search for any documents concerning IBM as

1  defined is oppressive and harassing to HP. Consequently, as used herein, the term

2  IBM shall mean "International Business Machines, Inc." and its relevant employees

3  located in the IBM offices in Armonk, N.Y.; Coppell, Tex.; Somers, N.Y.; Atlanta,

4  Ga.; and Denver, Colo.[1]

5      8.     HP generally objects to the term "PSI," as defined by Plaintiff in

6  Definition No. 5 of the Subpoena, on the grounds that it is vague, overbroad,

7  burdensome, oppressive and seeks information that is neither relevant to the claims or

8  defenses of either party, nor reasonably calculated to lead to the discovery of

9  admissible evidence. Moreover, this definition is overbroad, burdensome and

10 oppressive in that it includes any PSI affiliate and/or subsidiary around the world, and

11 could potentially include every PSI employee, agent or representative around the

12 world. To require HP to potentially search for any documents concerning PSI as

13 defined is oppressive and harassing to HP. Consequently, as used herein, the term PSI

14 shall mean "Platform Solutions, Inc." and its relevant employees located in the PSI

15 offices in Sunnyvale, CA.

16     9.     HP generally objects to the definition of            REDACTED

17 as set forth in Definition No. 18 of the Subpoena, on the grounds that it erroneously

18                          REDACTED

19     10.    HP generally objects to the term "PSI's System," as defined by Plaintiff

20 in Definition No. 19 of the Subpoena, on the grounds that it is vague, overbroad,

21 burdensome, oppressive and seeks information that is neither relevant to the claims or

22 defenses of either party, nor reasonably calculated to lead to the discovery of

23 admissible evidence. To require HP to potentially search for any documents

24 concerning PSI's system as defined is oppressive and harassing to HP. Consequently,

25

26

27  [1] All references to Definitions and/or Instructions herein refer to Exhibit A of the
    Subpoena, and any objections to specific Definitions and/or Instructions shall
28  apply to any Requests governed by such Definitions and/or Instructions.

Gibson, Dunn &
Crutcher LLP

5

1   as used herein, the term "PSI's System" shall mean PSI's open architecture mainframe
2   computer, which is capable of running IBM's mainframe operating systems and other
3   operating systems such as Linux, Unix and Microsoft Windows, that consists of plug-
4   compatible mainframe server hardware and microcode, to the extent that PSI
5   contemplated utilizing such technology in conjunction with HP's Integrity servers.

6       11.    HP generally objects to Instruction No. 1 of the Subpoena, on the grounds
7   that it is vague in its use of the term "other persons." HP also generally objects to this
8   Instruction on the grounds that it is overbroad, burdensome, oppressive and seeks
9   information that is neither relevant to the claims or defenses of either party, nor
10   reasonably calculated to lead to the discovery of admissible evidence. HP further
11   objects to the instruction as unduly burdensome and oppressive because it purports to
12   impose upon HP the obligation to search outside its "possession, custody or control"
13   as that term is defined by Federal Rule of Civil Procedure 45 and interpreted by
14   federal courts by purporting to require HP to search the files of its "clients,
15   prospective clients, . . . representatives, relatives, friends, . . . independent contractors,
16   . . . [and] any other persons." Accordingly, in responding to the Requests, HP will not
17   produce any documents outside of its "possession, custody or control" as that term in
18   understood within the meaning of Rule 45 of the Federal Rules of Civil Procedure.

19       12.    HP objects to Plaintiff's Instruction No. 2 of the Subpoena. As currently
20   worded, Instruction No. 2 may violate Federal Rule of Civil Procedure 45 and impose
21   an undue burden upon HP in that it may require HP to incur unreasonable expense in
22   providing Electronically Stored Information ("ESI"). To the extent that ESI may need
23   to be produced in the above-titled matter, HP will meet and confer with Plaintiff
24   regarding the format of such production. However, by providing these Responses and
25   Objections, HP does not agree to undertake any excessive obligations set forth in the
26   Subpoena.

27       13.    HP objects to Plaintiff's Instruction Nos. 3 and 4 on the ground and to the
28   extent that they purport to prescribe a method of production that violates Federal Rule

1   of Civil Procedure 45. Rule 45(d)(1)(A) states that a "person responding to a
2   subpoena to produce documents shall produce them as they are kept in the usual
3   course of business *or* shall organize and label them to correspond with the categories
4   in the demand." (emphasis added). Rule 45(d)(1) "expressly authorizes production of
5   documents for inspection as they are kept in the usual course of business and relieves
6   the producing entity of the responsibility of organizing the produced documents to
7   correspond to the categories of documents requested." *Calvert v. Reinisch*, 218
8   F.R.D. 497, 502 (W.D. Tex. 2003). As such, to the extent HP agrees to produce
9   responsive materials in relation to the Subpoena, those materials shall be produced as
10  kept in the usual course of business by HP, and HP will not undertake to organize or
11  label the materials aside from providing each document with a Bates Number (or
12  range) and appropriate confidentiality legend (where necessary).

13      14.     HP generally objects to Instruction No. 5 of the Subpoena on the grounds
14  and to the extent that it imposes undue burden and expense on HP in violation of
15  Federal Rule of Civil Procedure 45 because the Instruction requires HP to provide
16  color copies of materials without reference to payment for such copies.

17      15.     HP generally objects to Instruction Nos. 7 and 9 of the Subpoena on the
18  grounds and to the extent that they impose undue burden and expense on HP in
19  violation of Federal Rule of Civil Procedure 45 because the Instructions purport to
20  impose obligations on HP to provide information beyond that required by the Federal
21  Rule of Civil Procedure 45.

22      16.     HP generally objects to Instruction No. 11 of the Subpoena on the
23  grounds that it is unduly burdensome to the extent that it interprets Federal Rule of
24  Civil Procedure 26(e) to require HP to continually amend or update its responses to
25  the Subpoena in any situation other than where HP might "learn[] that the response is
26  in some material respect incomplete or incorrect and if the additional or corrective
27  information has not otherwise been made known to the other parties during the
28  discovery process or in writing." Fed. R. Civ. Proc. 26(e)(2).

17.     HP generally objects to each Request on the grounds and to the extent that it is overbroad, burdensome, and oppressive because, as set forth in Instruction No. 12, the Requests are not subject to any reasonable time limitation. For this reason, the Requests are also objectionable because they seek information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, in responding to the Requests and to the extent any documents are produced, HP will consider the relevant time period to be from January 1, 2004 to the date of the filing of the Complaint in this action.

18.     HP generally objects to each Request on the ground and to the extent that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Defendant and Counterclaim Plaintiff PSI's ("Defendant") or Plaintiff's possession, or in the possession of individuals or entities other than nonparty HP and equally available to Plaintiff, on the grounds that: (a) such Requests are unreasonably cumulative or duplicative; (b) the information sought is obtainable from another source that is more convenient, less burdensome, or less expensive, and Plaintiff has had (or will have) ample opportunity by way of other discovery in this action to obtain the information sought; and/or (c) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(2)(C); *see In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (citing the Advisory Committee Notes to Rule 26 and noting that "the last sentence of Rule 26(b)(1) was added in 2000 to emphasize the need for active judicial use of subdivision (b)(2) to control excessive discovery'").

19.     HP's responses are based upon its present knowledge, information and belief. Each response is at times subject to modification or supplementation as appropriate, which further investigation may reveal.

20.     HP reserves its right to move to quash the Subpoena and/or make any other motion to preserve its rights, as a nonparty, from being required to produce documents in this action.

Gibson, Dunn &
Crutcher LLP

8

## III.   RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications, and things concerning PSI, including without limitation all documents, communications, and things related to: [REDACTED] [REDACTED] discussions between you and PSI; any agreements between you and PSI (including without limitation indemnification agreements); negotiations regarding agreements; proposals; contracts; licenses; minutes; presentations; reports; invoices; billing information; results; analyses; correspondence; projections, forecasts, or estimates of PSI's future profits and/or sales by units and revenues; projections, forecasts, or estimates of your return on your investment in PSI; and PSI's System, the Liberty Server, and/or the Open Mainframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's business agreements, forecasts, revenues, projections, estimates and/or analyses of its return on any investments, among other things. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce

9

1    non-privileged documents that refer or relate to:  REDACTED

2    HP; (2) PSI's System (as defined by HP above); or (3) meetings or discussions

3    between HP and PSI regarding (1) and (2) herein, to the extent the documents also

4    relate to IBM, and to the extent IBM demonstrates that such documents are not

5    available by way of the party-related discovery procedures set forth in the applicable

6    Federal Rules of Civil Procedure, including but not limited to Rule 34.

7    **REQUEST FOR PRODUCTION NO. 2:**

8       All documents concerning any partnership, joint venture, distributorship, or

9    other relationship, whether formal or informal, between you and PSI.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11       HP hereby refers to and incorporates by reference all of its General Objections

12    above as though fully set forth herein. HP further objects to this Request on the

13    grounds that it is overbroad and burdensome in that it seeks information that is neither

14    relevant to the claims or defenses of either party, nor reasonably calculated to lead to

15    the discovery of admissible evidence. HP further objects to this Request to the extent

16    that it seeks proprietary and confidential information regarding HP's business

17    agreements. HP also objects to this Request on the ground that it violates Federal

18    Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's

19    or Defendant's possession, or in the possession of individuals or entities other than

20    Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

21    source that is more convenient, less burdensome, or less expensive. HP also objects to

22    this Request on the ground that it calls for the production of materials that may be

23    protected by the attorney-client privilege and/or work product doctrine. HP further

24    objects to this Request on the grounds that it is burdensome and oppressive in that it is

25    unnecessarily duplicative of Request No. 1 above. Subject to and without waiving the

26    foregoing objections, and once an appropriate Protective Order has been entered by

27    the Court, HP will produce non-privileged documents that are sufficient to show any

28    partnership, joint venture, or distributorship between HP and PSI, to the extent that

1  such documents also refer or relate to IBM, and to the extent IBM demonstrates that
2  such documents are not available by way of the party-related discovery procedures set
3  forth in the applicable Federal Rules of Civil Procedure, including but not limited to
4  Rule 34.

5  **REQUEST FOR PRODUCTION NO. 3:**

6  All documents and things concerning the Integrity Server as it relates to PSI,
7  PSI's System, the Liberty Server, and/or the Open Mainframe.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9  HP hereby refers to and incorporates by reference all of its General Objections
10  above as though fully set forth herein. HP further objects to this Request on the
11  grounds that it is overbroad and burdensome in that it seeks information that is neither
12  relevant to the claims or defenses of either party, nor reasonably calculated to lead to
13  the discovery of admissible evidence. HP further objects to this Request to the extent
14  that it seeks proprietary and confidential information regarding HP's Integrity Server
15  technology. HP also objects to this Request on the ground that it violates Federal Rule
16  of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or
17  Defendant's possession, or in the possession of individuals or entities other than
18  Nonparty HP and equally available to Plaintiff, and thus is obtainable from another
19  source that is more convenient, less burdensome, or less expensive. HP also objects to
20  this Request on the ground that it calls for the production of materials that may be
21  protected by the attorney-client privilege and/or work product doctrine. HP further
22  objects to this Request on the grounds that it is burdensome and oppressive in that it is
23  unnecessarily duplicative of Request No. 1 above and No. 13 below. Subject to and
24  without waiving the foregoing objections, and once an appropriate Protective Order
25  has been entered by the Court, HP will produce non-privileged documents concerning
26  PSI's use of the Integrity Server to the extent such documents also relate to PSI's
27  System (as defined by HP above).

28

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning communications between you and any person or entity other than PSI, including without limitation T3T, that concern or relate to PSI, PSI's System, the Liberty Server, and/or the Open Mainframe including without limitation: agreements (including indemnification agreements) between you and any person or entity other than PSI that concern PSI; documents concerning any meeting, discussion, and/or communication between you and any person or entity other than PSI; proposals; documents concerning any agreement, partnership, joint venture, distributorship, or other relationship, whether formal or informal, between you and T3T or any other person or entity relating to PSI; negotiations regarding agreements; contracts; licenses; minutes; presentations; reports; invoices; billing information; results; analyses; or correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's business relationships with T3T, among other non-parties to this litigation. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. HP further objects to this Request on the

1  grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

2  Request No. 1 above. HP will not provide materials in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 5:**

4  All documents concerning any funding that H-P, Intel, Microsoft, or any

5  member of the Itanium Solutions Alliance, and/or the Mainframe Migration Alliance

6  has provided, is providing, or intends to provide to PSI and/or T3T, including but not

7  limited to documents showing the source and amount of any such funding.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

9  HP hereby refers to and incorporates by reference all of its General Objections

10  above as though fully set forth herein. HP further objects to this Request on the

11  grounds that it is overbroad and burdensome in that it seeks information that is neither

12  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

13  the discovery of admissible evidence. HP further objects to this Request to the extent

14  that it seeks proprietary and confidential information regarding HP's business

15  relationships with T3T, among other non-parties to this litigation. HP also objects to

16  this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by

17  seeking information already within the Plaintiff's or Defendant's possession, or in the

18  possession of individuals or entities other than Nonparty HP and equally available to

19  Plaintiff, and thus is obtainable from another source that is more convenient, less

20  burdensome, or less expensive. HP also objects to this Request on the ground that it

21  calls for the production of materials that may be protected by the attorney-client

22  privilege and/or work product doctrine. HP further objects to this Request on the

23  grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

24  Request No. 1 above. HP will not provide materials in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 6:**

26  All documents relating to the actual or possible indemnification by any entity of

27  any other entity in connection with the testing, installation, sale, or use of any PSI

28  System, Liberty Server, Integrity Server, and/or Open Mainframe, including without

1   limitation any agreement by PSI and/or T3T to indemnify H-P and/or H-P's customers

2   in connection with these activities.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4       HP hereby refers to and incorporates by reference all of its General Objections

5   above as though fully set forth herein. HP further objects to this Request on the

6   grounds that it is overbroad and burdensome in that it seeks information that is neither

7   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8   the discovery of admissible evidence. HP further objects to this Request to the extent

9   that it seeks proprietary and confidential information regarding HP's business

10  relationships with T3T, among other non-parties to this litigation. HP also objects to

11  this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by

12  seeking information already within the Plaintiff's or Defendant's possession, or in the

13  possession of individuals or entities other than Nonparty HP and equally available to

14  Plaintiff, and thus is obtainable from another source that is more convenient, less

15  burdensome, or less expensive. HP also objects to this Request on the ground that it

16  calls for the production of materials that may be protected by the attorney-client

17  privilege and/or work product doctrine. HP further objects to this Request on the

18  grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of

19  Request No. 1 above. Subject to and without waiving the foregoing objections, and

20  once an appropriate Protective Order has been entered by the Court, HP will produce

21  non-privileged documents that are sufficient to show any partnership, joint venture, or

22  distributorship between HP and PSI, to the extent that such documents also refer or

23  relate to IBM, and to the extent IBM demonstrates that such documents are not

24  available by way of the party-related discovery procedures set forth in the applicable

25  Federal Rules of Civil Procedure, including but not limited to Rule 34.

26  **REQUEST FOR PRODUCTION NO. 7:**

27      All documents concerning IBM patents, including without limitation: all

28  documents concerning the Patents-in-suit and/or the subject matter described therein,

1   including but not limited to all documents concerning H-P's first knowledge of the

2   Patents-in-suit; all documents concerning H-P's or PSI's potential or actual

3   infringement of the Patents-in-suit, and/or PSI's potential or actual liability regarding

4   infringement of the Patents-in-suit; all documents concerning any IBM "assurances"

5   or "promises" to license IBM's patents to PSI; all documents concerning any IBM

6   "assurances" or "promises" to license any IBM software to PSI or for use on PSI's

7   System, a Liberty Server, an Integrity Server, and/or an Open Mainframe; and all

8   documents concerning any "publicly disseminated policy of reasonable, non-

9   discriminatory licensing" as alleged in paragraphs 8 and 68 to 75 of PSI's

10   Counterclaims, contained in its Answer (copy attached as Exhibit F).

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

12        HP hereby refers to and incorporates by reference all of its General Objections

13   above as though fully set forth herein. HP further objects to this Request on the

14   grounds that it is overbroad and burdensome in that it seeks information that is neither

15   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

16   the discovery of admissible evidence. HP also objects to this Request on the ground

17   that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

18   already within the Plaintiff's or Defendant's possession, or in the possession of

19   individuals or entities other than Nonparty HP and equally available to Plaintiff, and

20   thus is obtainable from another source that is more convenient, less burdensome, or

21   less expensive. HP also objects to this Request on the ground that it calls for the

22   production of materials that may be protected by the attorney-client privilege and/or

23   work product doctrine. Subject to and without waiving the foregoing objections, and

24   once an appropriate Protective Order has been entered by the Court, HP will produce

25   non-privileged documents referencing or relating to U.S. Patent No. 5,696,709, U.S.

26   Patent No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and U.S.

27   Patent No. 6,801,993, to the extent that such documents refer or relate to PSI, and to

28   the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any attempts and/or decisions to modify or redesign PSI's System in view of any claim of the Patents-in-suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1 and 7 above. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce non-privileged documents referencing or relating to U.S. Patent No. 5,696,709, U.S. Patent No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and U.S. Patent No. 6,801,993, to the extent that such documents refer or relate to PSI, and to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning whether and/or how any patent license between IBM and H-P, or any other agreement between IBM and H-P, applies or relates, or might apply or relate to making, selling, offering to sell, or using PSI's System, the Liberty Server, and/or the Open Mainframe, or any component thereof, including without

1  limitation software, firmware, and/or other components that, alone or in combination,

2  emulate, in whole or in part, IBM's S/390 and/or z/Architectures.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

4     HP hereby refers to and incorporates by reference all of its General Objections

5  above as though fully set forth herein. HP further objects to this Request on the

6  grounds that it is overbroad and burdensome in that it seeks information that is neither

7  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8  the discovery of admissible evidence. HP also objects to this Request on the grounds

9  that it is vague and ambiguous in its use of the term "any patent license." HP also

10  objects to this Request on the ground that it violates Federal Rule of Civil Procedure

11  26(b)(2) by seeking information already within the Plaintiff's or Defendant's

12  possession, or in the possession of individuals or entities other than Nonparty HP and

13  equally available to Plaintiff, and thus is obtainable from another source that is more

14  convenient, less burdensome, or less expensive. HP further objects to this Request on

15  the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative

16  of Request Nos. 1, 4, 7 and 8 above. HP also objects to this Request on the ground

17  that it calls for the production of materials that may be protected by the attorney-client

18  privilege and/or work product doctrine. Subject to and without waiving the foregoing

19  objections, and once an appropriate Protective Order has been entered by the Court,

20  HP will produce non-privileged documents that refer or relate to the Patent Cross

21  Licensing Agreement between HP and IBM that relates to U.S. Patent No. 5,696,709,

22  U.S. Patent No. 5,825,678, U.S. Patent No. 5,953,520, U.S. Patent No. 5,987,495, and

23  U.S. Patent No. 6,801,993 (hereinafter the "HP/IBM Patent CLA"), to the extent such

24  documents also relate to PSI's System (as defined by HP above).

25  **REQUEST FOR PRODUCTION NO. 10:**

26     All documents that refer or relate to the "make, use or sell" exception in H-P's

27  license grant.

28

Gibson, Dunn &
Crutcher LLP

17

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the grounds that it is vague and ambiguous in its use of the undefined term "license grant." HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 7 and 9 above. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce non-privileged documents that refer or relate to the HP/IBM Patent CLA, to the extent such documents also relate to PSI or PSI's System (as defined by HP above).

## REQUEST FOR PRODUCTION NO. 11:

All documents concerning the ability of H-P, PSI, and/or any of their customers to use or license OS/390, z/OS, or any IBM software for use in conjunction with PSI's System, the Liberty Server, and/or the Open Mainframe.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and

1 thus is obtainable from another source that is more convenient, less burdensome, or

2 less expensive. HP further objects to this Request on the grounds that it is

3 burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1

4 and 10 above. HP also objects to this Request on the ground that it calls for the

5 production of materials that may be protected by the attorney-client privilege and/or

6 work product doctrine. Subject to and without waiving the foregoing objections, and

7 once an appropriate Protective Order has been entered by the Court, HP will produce

8 non-privileged documents that refer or relate to HP's or PSI's ability to use IBM

9 OS/390 and/or z/OS software in connection with PSI's System (as defined by HP

10 above).

11 **REQUEST FOR PRODUCTION NO. 12:**

12     All documents concerning any compensation paid by PSI to H-P for any

13 processor, product, program, device, instrumentality, software, firmware, millicode,

14 and/or microcode designed or modified by H-P, or for or on behalf of H-P, for use in

15 or with a PSI System, Liberty Server, and/or Open Mainframe.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17     HP hereby refers to and incorporates by reference all of its General Objections

18 above as though fully set forth herein. HP further objects to this Request on the

19 grounds that it is overbroad and burdensome in that it seeks information that is neither

20 relevant to the claims or defenses of either party, nor reasonably calculated to lead to

21 the discovery of admissible evidence. HP also objects to this Request on the ground

22 that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

23 already within the Plaintiff's or Defendant's possession, or in the possession of

24 individuals or entities other than Nonparty HP and equally available to Plaintiff, and

25 thus is obtainable from another source that is more convenient, less burdensome, or

26 less expensive. HP further objects to this Request on the grounds that it is

27 burdensome and oppressive in that it is unnecessarily duplicative of Request No. 1

28 above. HP also objects to this Request on the ground that it calls for the production of

1 | materials that may be protected by the attorney-client privilege and/or work product
2 | doctrine. Subject to and without waiving the foregoing objections, and once an
3 | appropriate Protective Order has been entered by the Court, HP will produce non-
4 | privileged documents that are sufficient to show any partnership, joint venture, or
5 | distributorship between HP and PSI, to the extent that such documents also refer or
6 | relate to IBM, and to the extent IBM demonstrates that such documents are not
7 | available by way of the party-related discovery procedures set forth in the applicable
8 | Federal Rules of Civil Procedure, including but not limited to Rule 34.

9 | **REQUEST FOR PRODUCTION NO. 13:**

10 | All documents relating to the use or inclusion of any H-P processor, product,
11 | program, device, instrumentality, software, firmware, millicode, and/or microcode in
12 | or with a PSI System, Liberty Server, and/or Open Mainframe.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

14 | HP hereby refers to and incorporates by reference all of its General Objections
15 | above as though fully set forth herein. HP further objects to this Request on the
16 | grounds that it is overbroad and burdensome in that it seeks information that is neither
17 | relevant to the claims or defenses of either party, nor reasonably calculated to lead to
18 | the discovery of admissible evidence. HP further objects to this Request to the extent
19 | that it seeks disclosure of HP trade secrets or any other proprietary and confidential
20 | HP technology. HP also objects to this Request on the ground that it violates Federal
21 | Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's
22 | or Defendant's possession, or in the possession of individuals or entities other than
23 | Nonparty HP and equally available to Plaintiff, and thus is obtainable from another
24 | source that is more convenient, less burdensome, or less expensive. HP further
25 | objects to this Request on the grounds that it is burdensome and oppressive in that it is
26 | unnecessarily duplicative of Request Nos. 1, 2, 3, and 4 above. HP also objects to this
27 | Request on the ground that it calls for the production of materials that may be
28 | protected by the attorney-client privilege and/or work product doctrine. Subject to

1    and without waiving the foregoing objections, and once an appropriate Protective

2    Order has been entered by the Court, HP will produce non-privileged documents

3    concerning PSI's use of the Integrity Server to the extent such documents also relate

4    to PSI's System (as defined by HP above).

5    **REQUEST FOR PRODUCTION NO. 14:**

6        All versions, releases, levels, and/or models of any processor, product, program,

7    device, instrumentality, software, firmware, millicode, and/or microcode designed or

8    modified by H-P, or for or on behalf of H-P, for use in or with PSI's System, the

9    Liberty Server, and/or the Open Mainframe.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11       HP hereby refers to and incorporates by reference all of its General Objections

12   above as though fully set forth herein. HP further objects to this Request on the

13   grounds that it is overbroad and burdensome in that it seeks information that is neither

14   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

15   the discovery of admissible evidence. HP further objects to this Request to the extent

16   that it seeks disclosure of HP trade secrets or any other proprietary and confidential

17   HP technology. HP also objects to this Request on the ground that it violates Federal

18   Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's

19   or Defendant's possession, or in the possession of individuals or entities other than

20   Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

21   source that is more convenient, less burdensome, or less expensive. HP further

22   objects to this Request on the grounds that it is burdensome and oppressive in that it is

23   unnecessarily duplicative of Request Nos. 1, 2, 3, 4, and 13 above. HP will not

24   provide materials in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 15:**

26       Documents sufficient to show the H-P personnel responsible for the licensing,

27   marketing, selling, manufacturing, and/or research and development of or relating to

28   any processor, product, program, device, instrumentality, software, firmware,

Gibson, Dunn &
Crutcher LLP

21

1   millicode, and/or microcode designed or modified by H-P, or for or on behalf of H-P,

2   for use in or with PSI's System, the Liberty Server, and/or the Open Mainframe.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

4        HP hereby refers to and incorporates by reference all of its General Objections

5   above as though fully set forth herein. HP further objects to this Request on the

6   grounds that it is overbroad and burdensome in that it seeks information that is neither

7   relevant to the claims or defenses of either party, nor reasonably calculated to lead to

8   the discovery of admissible evidence. Subject to and without waiving the foregoing

9   objections, and once an appropriate Protective Order has been entered by the Court,

10  HP will produce non-privileged documents sufficient to show the identities of HP

11  personnel responsible for the marketing and sale of Integrity Servers in the United

12  States for the time period January 1, 2006 to the date of the filing of the above-titled

13  lawsuit, to the extent that those people had an ongoing business relationship with PSI.

14  **REQUEST FOR PRODUCTION NO. 16:**

15       Documents sufficient to identify each entity that has implemented, used, tested,

16  evaluated, licensed, purchased, leased, or otherwise acquired any PSI System, Liberty

17  Server, Open Mainframe, or any processor, product, program, device, server,

18  instrumentality, software, firmware, millicode, and/or microcode designed or modified

19  by H-P, or for or on behalf of H-P, for use in or with PSI's System, the Liberty Server,

20  and/or the Open Mainframe, including without limitation L.L. Bean, Inc., Deutsche

21  Lufthansa AG, The Estee Lauder Companies, Cascade Natural Gas Corporation, Polk

22  County, Iowa, and the University of Alabama Hospital at Birmingham.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

24       HP hereby refers to and incorporates by reference all of its General Objections

25  above as though fully set forth herein. HP further objects to this Request on the

26  grounds that it is overbroad and burdensome in that it seeks information that is neither

27  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

28  the discovery of admissible evidence. HP further objects to this Request to the extent

1    that it seeks proprietary and confidential information regarding HP's business

2    relationships with third parties not involved in the above-titled litigation. HP also

3    objects to this Request on the ground that it violates Federal Rule of Civil Procedure

4    26(b)(2) by seeking information already within the Plaintiff's or Defendant's

5    possession, or in the possession of individuals or entities other than Nonparty HP and

6    equally available to Plaintiff, and thus is obtainable from another source that is more

7    convenient, less burdensome, or less expensive. HP further objects to this Request on

8    the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative

9    of Request Nos. 1, 2, 4, and 13 above. HP will not produce documents in response to

10    this Request.

11    **REQUEST FOR PRODUCTION NO. 17:**

12    All documents, agreements, and/or communications concerning the conception,

13    design, research, development, testing, and/or evaluation of PSI's System or

14    prototypes of PSI's System, including without limitation prototypes and/or projects

15    with codenames "Vail," "Manta," "Merlin," "Gambit" and "Stingray."

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17    HP hereby refers to and incorporates by reference all of its General Objections

18    above as though fully set forth herein. HP further objects to this Request on the

19    grounds that it is overbroad and burdensome in that it seeks information that is neither

20    relevant to the claims or defenses of either party, nor reasonably calculated to lead to

21    the discovery of admissible evidence. HP also objects to this Request on the ground

22    that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

23    already within the Plaintiff's or Defendant's possession, or in the possession of

24    individuals or entities other than Nonparty HP and equally available to Plaintiff, and

25    thus is obtainable from another source that is more convenient, less burdensome, or

26    less expensive. HP further objects to this Request on the grounds that it is

27    burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,

28

1    3 and 4 above. HP will not provide materials in response to this Request beyond what

2    it has agreed to produce in response to Request Nos. 1-3 above.

3    **REQUEST FOR PRODUCTION NO. 18:**

4          All documents, agreements, and/or communications concerning the conception,

5    design, research, development, testing, and/or evaluation of any processor, product,

6    program, device, instrumentality, software, firmware, millicode, and/or microcode

7    designed or modified by H-P, or for or on behalf of H-P, for use in or with PSI's

8    System, the Liberty Server, and/or the Open Mainframe.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10         HP hereby refers to and incorporates by reference all of its General Objections

11    above as though fully set forth herein. HP further objects to this Request on the

12    grounds that it is overbroad and burdensome in that it seeks information that is neither

13    relevant to the claims or defenses of either party, nor reasonably calculated to lead to

14    the discovery of admissible evidence. HP further objects to this Request to the extent

15    that it seeks disclosure of proprietary and confidential HP research, among other

16    things. HP also objects to this Request on the ground that it violates Federal Rule of

17    Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or

18    Defendant's possession, or in the possession of individuals or entities other than

19    Nonparty HP and equally available to Plaintiff, and thus is obtainable from another

20    source that is more convenient, less burdensome, or less expensive. HP further

21    objects to this Request on the grounds that it is burdensome and oppressive in that it is

22    unnecessarily duplicative of Request Nos. 1, 2, 3, 4, 12, and 13 above. HP also

23    objects to this Request on the ground that it calls for the production of materials that

24    may be protected by the attorney-client privilege and/or work product doctrine. HP

25    will not provide materials in response to this Request beyond what it has agreed to

26    produce in response to Request Nos. 1-3 above.

27

28

Gibson, Dunn &
Crutcher LLP

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning competition with IBM S/390 or zSeries computers or products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks disclosure of proprietary and confidential HP research, among other things. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 9 and 11 above. Subject to and without waiving the foregoing objections, and once an appropriate Protective Order has been entered by the Court, HP will produce non-privileged documents concerning competition with IBM S/390 or zSeries computers or products to the extent such documents also relate to PSI.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the ability of any end user of an IBM S/390 or zSeries computer to port, migrate, rehost, or otherwise modify, move, or replace some or all of its IBM S/390 or zSeries applications, processes, and/or data to or with another computing platform, including without limitation computers capable of running the UNIX, Linux, and/or Windows operating systems.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2   HP hereby refers to and incorporates by reference all of its General Objections
3 above as though fully set forth herein. HP further objects to this Request on the
4 grounds that it is overbroad and burdensome in that it seeks information that is neither
5 relevant to the claims or defenses of either party, nor reasonably calculated to lead to
6 the discovery of admissible evidence. HP further objects to this Request to the extent
7 that it seeks disclosure of proprietary and confidential HP research, among other
8 things. HP also objects to this Request on the ground that it violates Federal Rule of
9 Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or
10 Defendant's possession, or in the possession of individuals or entities other than
11 Nonparty HP and equally available to Plaintiff, and thus is obtainable from another
12 source that is more convenient, less burdensome, or less expensive. HP further
13 objects to this Request on the grounds that it is burdensome and oppressive in that it is
14 unnecessarily duplicative of Request Nos. 1 and 19 above. HP will not produce
15 documents in response to this Request.

16 **REQUEST FOR PRODUCTION NO. 21:**

17   All documents concerning actual or potential migration or movement, in whole
18 or in part, of any application, process or data from IBM S/390 or zSeries platforms to
19 any other computing platform, including without limitation computers capable of
20 running the UNIX, Linux, and/or Windows operating systems.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22   HP hereby refers to and incorporates by reference all of its General Objections
23 above as though fully set forth herein. HP further objects to this Request on the
24 grounds that it is overbroad and burdensome in that it seeks information that is neither
25 relevant to the claims or defenses of either party, nor reasonably calculated to lead to
26 the discovery of admissible evidence. HP further objects to this Request to the extent
27 that it seeks disclosure of proprietary and confidential HP research, among other
28 things. HP also objects to this Request on the ground that it violates Federal Rule of

1 | Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or
2 | Defendant's possession, or in the possession of individuals or entities other than
3 | Nonparty HP and equally available to Plaintiff, and thus is obtainable from another
4 | source that is more convenient, less burdensome, or less expensive. HP further
5 | objects to this Request on the grounds that it is burdensome and oppressive in that it is
6 | unnecessarily duplicative of Request Nos. 1, 19 and 20 above. HP will not produce
7 | documents in response to this Request.

8 | **REQUEST FOR PRODUCTION NO. 22:**

9 |      All documents relating to H-P's and/or PSI's promotion, marketing, offer to sell,
10 | offer to license, and/or advertising of any PSI System, Liberty Server, and/or Open
11 | Mainframe, including without limitation: documents relating to competition or market
12 | conditions for PSI's System, the Liberty Server, and/or the Open Mainframe; and
13 | documents relating to any and all opportunities for PSI, H-P, Intel, and/or T3T to sell,
14 | license, or otherwise transfer any PSI System, Liberty Server, and/or Open Mainframe.

15 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16 |      HP hereby refers to and incorporates by reference all of its General Objections
17 | above as though fully set forth herein. HP further objects to this Request on the
18 | grounds that it is overbroad and burdensome in that it seeks information that is neither
19 | relevant to the claims or defenses of either party, nor reasonably calculated to lead to
20 | the discovery of admissible evidence. HP further objects to this Request to the extent
21 | that it seeks information regarding HP's actual or prospective business relationships
22 | with non-parties to this litigation. HP also objects to this Request on the ground that it
23 | violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already
24 | within the Plaintiff's or Defendant's possession, or in the possession of individuals or
25 | entities other than Nonparty HP and equally available to Plaintiff, and thus is
26 | obtainable from another source that is more convenient, less burdensome, or less
27 | expensive. HP also objects to this Request on the ground that it calls for the
28 | production of materials that may be protected by the attorney-client privilege and/or

1  work product doctrine. HP further objects to this Request on the grounds that it is

2  burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,

3  4, and 19 above. Subject to and without waiving the foregoing objections, and once

4  an appropriate Protective Order has been entered by the Court, HP will produce non-

5  privileged documents that concern or relate to HP's and/or PSI's promotion, marketing,

6  offer to sell, offer to license, and/or advertising of the PSI System (as defined by HP

7  above), in competition with, or in relation to IBM's z/OS, OS/390, z/Architecture,

8  and/or ESA/390 products.

9  **REQUEST FOR PRODUCTION NO. 23:**

10      All documents concerning testing, analysis, reverse assembly, reverse

11  compiling, reverse engineering, and/or translating, in whole or in part, z/OS, OS/390,

12  z/Architecture, and/or ESA/390.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

14      HP hereby refers to and incorporates by reference all of its General Objections

15  above as though fully set forth herein. HP further objects to this Request on the

16  grounds that it is overbroad and burdensome in that it seeks information that is neither

17  relevant to the claims or defenses of either party, nor reasonably calculated to lead to

18  the discovery of admissible evidence. HP further objects to this Request to the extent

19  that it seeks disclosure of HP trade secrets or any other proprietary and confidential

20  HP technology or research. HP also objects to this Request on the ground that it

21  violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already

22  within the Plaintiff's or Defendant's possession, or in the possession of individuals or

23  entities other than Nonparty HP and equally available to Plaintiff, and thus is

24  obtainable from another source that is more convenient, less burdensome, or less

25  expensive. HP also objects to this Request on the ground that it calls for the

26  production of materials that may be protected by the attorney-client privilege and/or

27  work product doctrine. HP further objects to this Request on the grounds that it is

28

1 burdensome and oppressive in that it is unnecessarily duplicative of Request No. 19

2 above. HP will not produce documents in response to this Request.

3 **REQUEST FOR PRODUCTION NO. 24:**

4     Documents sufficient to identify by serial number, version, and release each

5 copy of z/OS and/or OS/390 or any portion thereof that has been installed or executed

6 on any PSI System, Liberty Server, and/or Open Mainframe.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

8     HP hereby refers to and incorporates by reference all of its General Objections

9 above as though fully set forth herein. HP further objects to this Request on the

10 grounds that it is overbroad and burdensome in that it seeks information that is neither

11 relevant to the claims or defenses of either party, nor reasonably calculated to lead to

12 the discovery of admissible evidence. HP also objects to this Request on the ground

13 that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information

14 already within the Plaintiff's or Defendant's possession, or in the possession of

15 individuals or entities other than Nonparty HP and equally available to Plaintiff, and

16 thus is obtainable from another source that is more convenient, less burdensome, or

17 less expensive. HP also objects to this Request on the ground that it calls for the

18 production of materials that may be protected by the attorney-client privilege and/or

19 work product doctrine. HP further objects to this Request on the grounds that it is

20 burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1

21 and 23 above. HP will not produce documents in response to this Request.

22 **REQUEST FOR PRODUCTION NO. 25:**

23     All documents and communications relating to plans, projections, estimates,

24 and/or forecasts of H-P's revenues from or relating to PSI and/or T3T, including

25 without limitation all documents, and/or communications sufficient to identify each

26 product and/or service generating any revenue for H-P from or relating to PSI and

27 T3T.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP further objects to this Request to the extent that it seeks proprietary and confidential information regarding HP's forecasts, projections, and/or business relationship with T3T. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of individuals or entities other than Nonparty HP and equally available to Plaintiff, and thus is obtainable from another source that is more convenient, less burdensome, or less expensive. HP also objects to this Request on the ground that it calls for the production of materials that may be protected by the attorney-client privilege and/or work product doctrine. HP further objects to this Request on the grounds that it is burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2, 3 and 12 above. HP will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that relate to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

HP hereby refers to and incorporates by reference all of its General Objections above as though fully set forth herein. HP further objects to this Request on the grounds that it is overbroad and burdensome in that it seeks information that is neither relevant to the claims or defenses of either party, nor reasonably calculated to lead to the discovery of admissible evidence. HP also objects to this Request on the ground that it violates Federal Rule of Civil Procedure 26(b)(2) by seeking information already within the Plaintiff's or Defendant's possession, or in the possession of

1  individuals or entities other than Nonparty HP and equally available to Plaintiff, and
2  thus is obtainable from another source that is more convenient, less burdensome, or
3  less expensive. HP also objects to this Request on the ground that it calls for the
4  production of materials that may be protected by the attorney-client privilege and/or
5  work product doctrine. HP further objects to this Request on the grounds that it is
6  burdensome and oppressive in that it is unnecessarily duplicative of Request Nos. 1, 2,
7  3, 4, 7, 19, 20, 21, 22 and 23 above, among others. HP will not produce documents in
8  response to this Request.

10  DATED: June 29, 2007

JEFFREY T. THOMAS
ANGELIQUE KAOUNIS
GIBSON, DUNN & CRUTCHER LLP

By: _____
        Angelique Kaounis

Attorneys for Nonparty
HEWLETT-PACKARD COMPANY

Gibson, Dunn &
Crutcher LLP

NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS

1
2

# VERIFICATION

3

I, Kathryn Doyel, am employed in the Corporate, Securities and M&A Section

4

of Corporate Legal Department of Hewlett-Packard Company ("Hewlett-Packard")

5

and I am authorized to sign this verification on behalf of HP.

6

7

The document entitled *Nonparty Hewlett-Packard Co.'s Objections and*

8

*Responses to Plaintiff IBM's May 31, 2007 Subpoena for Documents* ("Response")

9

was prepared with the assistance of employees and representatives of Hewlett-

10

Packard. The contents of this Response are not all within my personal knowledge,

11

and I am informed that there is no single employee of Hewlett-Packard who has

12

personal knowledge of all the matters set forth in this Response. Subject to the

13

limitations set forth above, I have read the Response and upon information and belief

14

know the contents thereof. I verify under penalty of perjury under the laws of the

15

United States and the State of California that the foregoing is true and correct.

16

Executed on June 29, 2007 at Palo Alto, California.

17
18
19
20
21
22

_Kathryn Doyel_

23

KATHRYN DOYEL

24
25

100236773_2.DOC

26
27
28

Gibson, Dunn &
Crutcher LLP

---

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S
MAY 31, 2007 SUBPOENA FOR DOCUMENTS**

# CERTIFICATE OF SERVICE

## MAIL, COMMERCIAL OVERNIGHT MESSENGER, FAX, HAND DELIVERY

I, Claudette M. Blaylock, hereby certify as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State; I am employed in the office of Angelique Kaounis, a member of the bar of this Court, and at her direction, on June 29, 2007, I served the following:

## NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S MAY 31, 2007 SUBPOENA FOR DOCUMENTS

on the interested parties in this action, by:

☐ **Service by Mail:** placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as follows:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☒ **Service by Commercial Overnight Messenger:** placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as follows:

Richard W. Erwine, Esq.
Katherine Weall, Esq.
Quinn Emanuel Urguart
  Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 (tel.)

(212) 849-7100 (fax)
[Countesy copy by email/Pdf]

and after sealing said envelope I caused same to be delivered to the aforementioned attorney(s) by qualified commercial overnight messenger.

☐　**Service by Fax:** causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated, addressed as follows:

**Attorney Name & Address**　　　　　**Fax and Callback Number**

and that the transmission was reported as completed and without error.  A true and correct copy of said transmission report is attached hereto.

☐　**Service by Hand Delivery:** delivering true and correct copy(ies) thereof and sufficient envelope(s) addressed to the attorney(s) of record, addressed as follows:

to a messenger or messengers for personal delivery.

　　　I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this Certificate of Service was executed by me on June 29, 2007 at Los Angeles, California.

　　　　　　　　　　　　　　　　　　Claudette M. Blaylock

100236773_3.DOC

Gibson, Dunn &
Crutcher LLP

**NONPARTY HEWLETT-PACKARD COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF IBM'S MAY 31, 2007 SUBPOENA FOR DOCUMENTS**